Godfrey vs. Wright, Respondent, and Potter, Appellant.

*November 21—December 10, 1912.*

*Mortgages: Foreclosure: Judgment for deficiency: Affirmative relief asked in answer by second mortgagee: Failure to serve on mortgagor: Jurisdiction: Void judgment: Setting aside.*

1. An order in the original decree of foreclosure that a judgment for any deficiency be entered is a condition precedent to such a judgment.
2. Under sec. 2656a, Stats. (1898), where the answer of a second mortgagee, who was made a defendant in an action to foreclose the first mortgage, was not served upon the mortgagor, the court did not acquire jurisdiction of the mortgagor for the purpose of granting affirmative relief against him in favor of such second mortgagee.
3. In such a case a judgment for deficiency entered against the mortgagor in favor of the second mortgagee was void and might be set aside on motion at any time.

Appeal from an order of the circuit court for Milwaukee county: Warren D. Tarrant, Circuit Judge. *Affirmed.*

The order appealed from stayed execution on a judgment for deficiency in foreclosure proceedings and set such judgment aside.

May 18, 1901, plaintiff commenced an action in the circuit court for Milwaukee county, making the debtor and mortgagor, *Walter H. Wright,* and *Laura W. Potter,* a second creditor and mortgagee of *Wright,* defendants. The complaint was in the usual form and was served upon defendants. The debtor did not appear. *Laura W. Potter* answered; admitting the allegations of the complaint, but claiming she was not holder of the legal title, although her interest was created by deed, in form; that it was given to secure *Wright's* indebtedness to her of $1,025.71. She asked for judgment protecting the rights of all parties. The answer was not served upon *Wright.* The court found facts requisite to a judgment of foreclosure in plaintiff's favor; also found facts in har-

mony with the answer of *Laura W. Potter,* and determined that, in case of a surplus arising from the sale to collect plaintiff's claim, she was entitled thereto on her claim. Judgment was so rendered and fixing the amount of the indebtedness to *Laura W. Potter* and providing for the payment of the surplus, if any, to her. The sheriff reported a deficiency to the amount of the indebtedness to her. The notice of motion to confirm the report was not served on *Wright,* but was on the attorney for defendant *Potter.* The report was confirmed and judgment for deficiency ordered in her favor. *Wright* had no notice thereof until a short time prior to January 24, 1912. He then notified *Laura W. Potter* that her judgment was void and demanded a release thereof. She refused, whereupon he moved the court, on affidavit setting forth the facts, for an order perpetually staying execution and setting the judgment aside. Both motions were heard together and granted with the usual costs. *Laura W. Potter* appealed.

For the appellant there were briefs by *Otjen & Otjen,* and oral argument by *Henry Otjen.*

*Lawrence A. Olwell,* for the respondent.

MARSHALL, J. The order must be affirmed, not because a case was made of "mistake, inadvertence, surprise or excusable neglect" under sec. 2832, Stats. (1898), which counsel for appellant seems to think was required; but because the judgment was void for want of jurisdiction to render it.

No foundation was laid for a judgment for deficiency against *Wright* in favor of his codefendant. No such judgment was ordered in the original decree. That was a necessary condition precedent. No service of *Laura W. Potter's* answer was made on *Wright* bringing him in for an adjudication of matters between them, as required by sec. 2656a, Stats. (1898). In mandatory language, such section provides that, where a defendant seeks affirmative relief against

a codefendant, an answer in the nature of a cross-complaint must be served on the party against whom relief is asked. Without such service the court does not obtain jurisdiction of the .person for granting such relief nor of the subject in respect thereto. Though the court may have jurisdiction in the sense of power as to such subjects, it is as necessary to give notice to the codefendant, in the manner provided in the Code, that relief will be asked for, as for plaintiff to give notice to the principal defendant in order to render the court competent to give judgment against him in the former's favor.

If a party to an action be not brought into court by proper notice, a judgment against him therein is void and may be set aside on motion at any time, or reversed on appeal, the former being the better practice. *Sayles v. Davis,* 20 Wis. 302. The rule as regards setting aside a judgment for mere error or irregularity does not militate against judicial power to expunge a void judgment from the record. *Ætna L. Ins. Co. v. McCormick,* 20 Wis. 265. A judgment which is a nullity may be so expunged on motion at any time. *Sackett v. Price Co.* 130 Wis. 637, 641, 110 N. W. 821.

It is quite plain that the court in this case did not acquire jurisdiction of *Wright* for the purpose of granting any affirmative relief against him in favor of *Potter.* In all such cases a judgment assuming to dispose of the rights of the parties, is a nullity. *Falkner v. Guild,* 10 Wis. 563. Such a judgment should not be confused with one affected by mere error or irregularity, which cannot be dealt with in the court committing it after the term or within some statutory period, nor with a judgment affected with jurisdictional error of a judicial nature, leaving it good until vacated on motion or some direct proceeding to that end. The jurisdictional defect here goes to the extent of want of power of the trial court to deal with the matter at all under the circumstances, rendering the result open to collateral attack as utterly void.

*By the Court.*—The order is affirmed.