STATE EX REL. WALL, and another, Respondents, vs. SOVINSKI, Appellant,

*March 13—April 9, 1940.*

338

For the appellant there was a brief by *Max P. Kufalk,* attorney, and *Erwin F. Fredrich* of counsel, all of Milwaukee, and oral argument by *Mr. Fredrich.*

For the respondent state of Wisconsin there was a brief by the *Attorney General, Herbert J. Steffes,* district attorney of Milwaukee county, and *Gene L. Green,* assistant district attorney, and oral argument by *Mr. Green.*

*John L. Newman* of Milwaukee, for the respondent Julia Wall.

NELSON, J. The sole question for decision is whether the civil court had authority to vacate and set aside the order

of September 14, 1935, which approved the $400 lump-sum settlement.

All of the proceedings purportedly were had in pursuance of the provisions of ch. 166, Stats.

Assuming, but not deciding, that the original judgment entered March 20, 1933, was valid and that it was amended by the order of June 5, 1933 (which judgment and order are not before us), we reach the conclusion from the record before us that the order of September 14, 1935, entered by Judge RUNGE, was null and void because he had no jurisdiction to make it. In vacating and setting aside the order of September 14, 1935, the trial court concluded that the judgment, entered on March 20, 1933, as amended by the order of June 5, 1933, was valid, and that since it provided for the payment of a specified monthly sum until the child was sixteen years of age, the court had no continuing jurisdiction to modify that judgment and to adjudge or order a lump-sum settlement. In so concluding, the civil court in our opinion was right. Sec. 166.11, Stats., clearly provides what a judgment in an illegitimacy proceeding shall include. That section, in part, provides:

"If the accused . . . shall have entered into a settlement agreement, he shall be adjudged to be the father of such child, unless paternity shall have been denied in such settlement agreement, and shall be ordered to pay to the mother or town or county all expenses incurred by them for lying-in and attendance of the mother during the last six months of pregnancy, and also for the care and support of the child . . . from the time of its birth until the date of the entry of judgment, and to pay to the county the costs of the action, and to stand chargeable for the future support of the child until it shall attain the age of sixteen years. Payments for such future support shall be directed to be made in either of the two following methods: (a) Payment of a specified monthly sum until the child is sixteen years of age; (b) payment of a specified lump sum within sixty days after entry of judgment or in specified monthly instalments subject to

the condition that upon default in any instalment the entire amount shall become due and payable."

Sec. 166.12, Stats., provides:

"*Continuing jurisdiction.* Whenever the judgment for the future support of the child has not been satisfied by payment of the lump sum directed to be made, the court shall have continuing jurisdiction over proceedings brought to compel support and to increase or decrease the amount thereof until the judgment of the court has been completely satisfied. Nothing in this section shall in any way be considered a derogation of section 351.30."

Illegitimacy actions are purely statutory. Courts have only such jurisdiction in illegitimacy actions as is conferred by the statute. *Francken v. State,* 190 Wis. 424, 209 N. W. 766; *State ex rel. Lang v. Civil Court,* 228 Wis. 411, 417, 280 N. W. 347.

There is, in ch. 166, Stats., no provision conferring continuing jurisdiction upon a court having jurisdiction of illegitimacy actions other than that of sec. 166.12, and it is clear that that section confers no continuing jurisdiction over such proceedings except where the judgment provides for the payment of a lump sum. In *State ex rel. Lang v. Civil Court, supra,* that statute was construed. It was there said:

"Although sec. 166.12, Stats., provides that,—'Whenever the judgment for the future support of the child has not been satisfied by the payment of the lump sum directed to be made, the court shall have continuing jurisdiction over proceedings brought to compel support and to increase or decrease the amount thereof until the judgment of the court has been completely satisfied'—it must be noted that its provisions are applicable only when there has been a valid adjudication for the payment of a lump sum."

Assuming, but not deciding, that the original judgment and the order of March 20, 1933, were void, then the order of September 14, 1935 (considered either as a judgment or

an order), was also void because no settlement agreement such as sec. 166.11, Stats., requires was entered into by the parties. There is no such written agreement in the record, no reference to any such agreement, no reference to any written or oral stipulation, and no record of any testimony tending to show that the parties agreed to a lump-sum settlement. The minutes of the clerk do not even show that the plaintiff was present in court at the time the lump-sum settlement was approved by the court. The clerk's minutes are as follows:

Sept. 14. At 9:00 A. M. case called in Branch No. 2.
Plaintiff appears by the Asst. Dist. Atty.
Defendant appears by his attorney.
Order to show cause argued.
Defendant offers to make a lump-sum settlement of $400, said sum to be paid at the rate of $25.
The court approves settlement and directs that order be drawn accordingly.

So in either of the assumed situations, the order of September 14, 1935, was void and of no effect because the court lacked jurisdiction to make it.

A judgment or order which is void may be expunged by a court at any time. Such right to expunge a void order or judgment is not limited by statutory requirements for reopening, appealing from, or modifying orders or judgments. *Ætna Life Ins. Co. v. McCormick,* 20 Wis. *265; *Quaw v. Lameraux,* 36 Wis. 626; *Parsons v. Balson,* 129 Wis. 311, 109 N. W. 136; *Sackett v. Price County,* 130 Wis. 637, 110 N. W. 821; *Godfrey v. Wright,* 151 Wis. 372, 139 N. W. 193; *Spencer v. Osberg,* 152 Wis. 399, 140 N. W. 67; *Fischbeck v. Mielenz,* 162 Wis. 12, 154 N. W. 701; *Estate of Cudahy,* 196 Wis. 260, 219 N. W. 203.

In *Godfrey v. Wright, supra,* it is said (p. 374):

"The rule as regards setting aside a judgment for mere error or irregularity does not militate against judicial power to expunge a void judgment from the record. . . . A judg-

ment which is a nullity may be so expunged on motion at any time."

In *Estate of Cudahy, supra,* it is said (p. 263) :

"A long line of cases hold that the county court, notwithstanding any statutory provision to that effect, or in the absence thereof, may at any time open up its judgments or orders when they were procured by fraud or when they were rendered without jurisdiction."

The order of September 14, 1935, being a void order, the court was not without jurisdiction to vacate it and set it aside by its order dated May 15, 1939.

*By the Court.*—Order affirmed.