YANGGEN, Respondent, vs. WISCONSIN MICHIGAN POWER
COMPANY and others, Appellants.   [Two cases.]

*May 6—June 1, 1942.*

For the appellants Roland R. Arndt and Wisconsin Michigan Power Company there was a brief by *Shaw, Muskat & Paulsen* of Milwaukee and *Homer H. Benton* of Appleton, and oral argument by *Mr. Benton.*

For the appellants Helen Nooyen and Workmens Mutual Casualty Company there was a brief by *Catlin & Catlin* of Appleton, and oral argument by *Mark Catlin, Jr.*

For the respondents there was a brief by *William J. Geenen* of Appleton and *John E. O'Brien* of Fond du Lac, and oral argument by *Mr. O'Brien.*

FAIRCHILD, J. The primary issue raised upon this appeal relates to the validity of the orders dated March 29, 1941, and May 4, 1941, extending the time for consideration of

motions after verdict for a new trial. These orders were not filed until July 11, 1941. The orders were dictated by the judge in his chambers and none of the attorneys nor the parties were present. The circumstances surrounding the making of these orders were set forth by the trial judge in a written statement incorporated in the bill of exceptions:

"This court at this time has no special recollection of the exact date upon which the orders were signed, except that this court does know that the complete file was out of the possession of the clerk of the court for some time and was in the reporter's office and for that reason perhaps the papers were not filed. The practice of the court in dictating orders is to have the reporter insert the date that the order is drafted. The order is then left upon my desk for signature or is handed to me, and in the normal course of events is promptly signed. I assume that was done in this case."

The order dated March 29, 1941, gives the following reasons for extending time: "The court ever since the 31st of January, 1941, having been occupied with the trial of other cases, and the court at this time being convinced that he will be so occupied with the trial of cases until May 1, 1941, and divers questions of law having been raised and counsel having filed voluminous briefs and the court being of the opinion that it will take at least three days to give the said briefs and law adequate study." The order dated May 4, 1941, recited as ground for cause for an extension of time that "the court now being convinced because of the amount of work he will be unable to adequately consider the question of law and the motions involved before July 30, 1941."

The purpose of sec. 270.49, Stats., is to regulate the granting of an extension of time for deciding motions for a new trial after verdict. The effect of the language used was given study and analysis in the case of *Anderson v. Eggert* (1940), 234 Wis. 348, 291 N. W. 365. The statute requires "that not only must there be good cause but the cause itself must be

shown. A mere recital that an extension is granted for cause, for convenience, or because someone wants it or someone stipulated that it be granted, is not a compliance with the statute." *Anderson Case, supra,* p. 353.

Although a trial judge may on his own motion, for cause, grant an extension of time, such "action should be evidenced by an effective order." *Beck v. Wallmow* (1938), 226 Wis. 652, 658, 277 N. W. 705. And the statute requires a court order.

Counsel for respondents contend that the orders are valid under the provisions of sec. 270.125 (5), Stats., providing:

"All applications to the court for orders . . . shall be publicly announced by the attorney making the application, and the clerk shall enter a brief statement thereof, with the action of the court thereon, in his minute book; and no court order shall be operative unless and until such entry be made, or unless the order shall be reduced to writing and signed."

It is argued that the orders being signed written orders are valid as of their date regardless of the day of filing, but the purpose of that law is to require publicity, and the place in the statute of the words "reduced to writing and signed" does not relieve those responsible for transactions in court from complying with that purpose.

An order of the court is a high and solemn juridical act and great care must be taken that such an act be performed under due safeguards to protect those whose right it affects. To this end are the requirements that a juridical pronouncement of this nature be made with due regard to certain formalities such as pronouncement in open court, *State ex rel. Wingenter v. Circuit Court* (1933), 211 Wis. 561, 248 N. W. 413; and the requirement that "all judgments and orders of the court or judge shall be recorded in the proper books." Sec. 270.71 (2), Stats.

Sec. 270.49 (1), Stats., requires that a motion for a new trial "must be made and heard within sixty days after the

verdict is rendered, unless the *court* by order made before its expiration extends such time for cause."

Sec. 269.29, Stats., provides that a *court* order "must be [made] by the court in session."

An order of the judge at chambers is ineffective until notice thereof has been served upon the opposite party or his attorney. *Spaulding v. Milwaukee & Horicon R. R. Co.* (1860) 11 Wis. *157. For unlike an order made in open court, *Kayser v. Hartnett* (1886), 67 Wis. 250, 30 N. W. 363, such an order would not apprise the opposite party of its existence. And an order made by a judge at chambers is not an order of the court. *Day v. Buckingham* (1894), 87 Wis. 215, 58 N. W. 254. The informality and the uncertainty attendant upon the granting and filing of the orders and the length of the period during which they were not filed nor recorded prevents their recognition as valid and timely orders. Any other ruling would permit the judge to sign an order and thereafter carry it in his pocket until he was minded to have it properly entered of record. And what was carelessness in this case would be a practice leading to abuses which the legislation was intended to prevent.

The statements recited in the order bearing the date of May 4th, a Sunday, barely do more than suggest what amounts to a mere statement that the judge desired more time. *Beck v. Fond du Lac Highway Committee* (1939), 231 Wis. 593, 286 N. W. 64. We do not mean to express an opinion as to the sufficiency of the reasons set forth in the orders, and no question as to their adequacy is raised on this appeal. The orders were not court orders and while not filed or recorded certainly were not effective and no other questions with respect to their validity need be treated further.

A new trial is not required and the order could not be sustained if timely made for the evidence sustains the findings as to the defendant bus company and the driver Arndt and these

defendants are entitled to a judgment on the verdict of dismissal of the actions as to them.

As to the defendant Helen Nooyen, the jury were told that if she did not enter the pathway of the bus, they should answer "No" to the question as to failure to yield the right of way. They so answered. This showed that the jury put its finger on the cause of the disaster which was the negligent failure to look on the part of Helen Nooyen, and therefore the findings of the jury upon the questions as to her negligence, under the instructions by the court, were not inconsistent and were sufficient to sustain a judgment holding her responsible for the damages. They were caused by her failure to maintain a proper lookout. The trial judge told the jury of Nooyen's duty to maintain a lookout and the consequences of a failure in that regard and limited the jury's investigation to that element. We said in *Carlson v. Strasser* (1942), 239 Wis. 531, 536, 537, 2 N. W. (2d) 233, that had the jury "been told that if they found that failure to look was the causal negligence, they need not answer further upon the point of right of way." The instructions in this case were to such effect and the attention of the jury was thus specifically directed to the failure to look. They were in effect told that if she did not actually invade the path and if she offended in starting before looking and proceeding with her effort to get into the highway to the extent of creating a situation in which the bus driver was warranted, acting free from negligence, as found by the jury, in swerving his bus to the left as he did, her negligence would be causal. In such a case it is not necessary that there be actual contact. If the defendant Nooyen acting under a failure to look, gave rise to a dangerous situation which the bus driver attempted to avoid and his reasonable effort in that respect resulted in injury to plaintiff "the injuries may be the proximate result of [defendant's] negligence as certainly as though there had been an actual con-

34

tact." *Wright v. Buckley* (1931), 204 Wis. 520, 522, 235 N. W. 417, 236 N. W. 378. Plaintiffs were therefore entitled to a judgment on the verdict against Helen Nooyen.

*By the Court.*—Order reversed in each case, and causes remanded with directions to enter a judgment dismissing the actions as to the defendants Wisconsin Michigan Power Company and Roland R. Arndt, and to grant judgment on the verdict in favor of plaintiffs against defendants Helen Nooyen and Workmens Mutual Casualty Company.