HALBACH and another, EXECUTORS, Respondents, vs. HALBACH, Appellant.

*May 9—June 15, 1951.*

330

BROWN, J.    Respondents submit that the motion to vacate the judgment is insufficient because there is no affidavit that the appellant has a meritorious defense.   Where, as here, the motion is made on the ground that the court lacked jurisdiction to enter the judgment, no affidavit of meritorious defense need be made. *Chippewa Valley Securities Co. v. Herbst* (1938), 227 Wis. 422, 428, 278 N. W. 872.   They also submit that appellant's long delay in proceeding to vacate the judgment constituted laches by reason of which he may be denied relief.   Laches cannot operate to validate a void judgment and a judgment declared to be void for want of jurisdiction must be vacated notwithstanding the dilatory conduct of the judgment debtor.   It is the duty of the court to annul an invalid judgment.   49 C. J. S., Judgments, p. 481, sec. 267.

It is appellant's position that the administrators were not "holders" of the notes, as holders are defined by the Negotiable Instruments Act, and so they are not persons in whose favor judgment may be confessed without process within the terms of the warrant of attorney.   The statute relied on is—

"116.01 *Definitions*. In chapters 116, 117, and 118 unless the context otherwise requires: . . .

"(7) 'Holder' means the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof."

The administrators were not payees, indorsees, or bearers. The learned trial court thought "holder" was used by the makers of these notes in a more popular sense, practically synonymous with "owner." By sec. 116.01, Stats., the legislature has said that when it has used certain words in the specified chapters those words mean certain things. It did not say that the words have those meanings wherever and whenever others may use them in connection with negotiable instruments. To construe the chapters we must, of course, accept the language as the legislature has defined it for that purpose but it is not so clear that the legislature commanded that other writings be so construed when it is the instrument's, and not the statute's, meaning which is sought. It is not necessary to reach a decision on this subject for we conclude that the confession of judgment was not in accordance with the warrant of attorney for other reasons which appear on the face of the record.

The warrant authorizes confession of judgment ". . . in favor of the holder of this note, for such amount as may appear to be due and unpaid thereon, . . ." The complaint upon which the judgment was entered alleged in respect to each note that the respondents ". . . because of the liability of said deceased as accommodation maker, were compelled to pay the same with accrued interest thereon, and did pay the same on the 24th day of December, 1940, . . ." By the allegations of the complaint that the notes were paid it is made to appear that nothing is "due and unpaid thereon." There is no authority in the warrant of attorney to confess judgment for any amount save that which appears to be due and unpaid on each note.

The complaint further states that by virtue of the payment the administrators ". . . are now the lawful owners and holders of said note[s], and the said defendant [Vincent

Halbach] is indebted thereon . . ." to them.  This reiterates the fact that the notes have been paid, while the conclusion of law that the appellant is indebted upon the notes to the administrators is contrary to our decision in *Estate of Onstad* (1937), 224 Wis. 332, 271 N. W. 652, in which it was held that the relation between the accommodation maker of a note and the party accommodated was that of suretyship and the accommodation maker recovers not upon the note but upon the implied promise of the party accommodated to indemnify him.

The confession of judgment upon notes already paid, for sums no longer appearing to be due and unpaid thereon, was beyond the warrant of attorney and the appellant had not waived process for such a proceeding.  These things appearing on the face of the record, the court was without jurisdiction to render its judgment.  The judgment so rendered was void *ab initio* and it is the court's duty to vacate it.

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.