TRANSCONTINENTAL INSURANCE COMPANY, Respondent, vs. HARTUNG MOTOR COMPANY, Appellant.

*May 7—June 4, 1957.*

For the appellant there was a brief by *H. O. Wolfe* and *Wolfe, O'Leary & Kenney,* all of Milwaukee, and oral argument by *H. O. Wolfe.*

For the respondent there was a brief by *Lees & Bunge,* attorneys, and *E. J. Simarski* of counsel, all of Milwaukee, and oral argument by *Mr. Simarski.*

WINGERT, J. 1. The act governing the civil court, Milwaukee Civil Court Act, sec. 28.2,[1] provides that appeals to the circuit court "shall be taken within twenty days after the entry of the judgment or order appealed from." Since the appeal to the circuit court in the present case was taken within twenty days after the judgment was "ordered rein-

[1] As revised and renumbered by ch. 266, Laws of 1953.

stated" on January 4, 1956, the question is whether the judgment entered November 18, 1955, was effectively vacated on December 7th. We consider that it was so vacated and that therefore the appeal taken within twenty days after its reinstatement was timely.

The docket entry of December 7th is explicit that the "Court . . . now orders . . . judgment ordered vacated." The context suggests that this was done because the motion for a new trial was taken under advisement, and the order of the previous day extending the stay of entry of judgment overlooked the fact that judgment had already been entered.

It is the statutory duty of the clerk of the civil court "to keep in the docket of said court a complete and accurate record . . . of all proceedings in any action or proceeding brought in said court. . . . Said docket shall be evidence in the courts of this state the same as the dockets and record books of other courts of record." (Milwaukee Civil Court Act, sec. 11.2.) This court has said that evidence cannot be received to impeach the civil court's docket record collaterally. *State ex rel. Milwaukee Northern R. Co. v. Delaney,* 166 Wis. 141, 143, 164 N. W. 825.

Respondent seeks to impeach the December 7th docket entry by pointing out certain features of the court's written pronouncements said to be inconsistent with the December 7th entry that the judgment was vacated. Thus the trial judge's decision of January 4th recites that judgment was rendered, but makes no mention of its vacation; and his order of January 13th recites the entry of judgment and the stay of execution and rescinds the stay of execution, without mention of any vacation of the judgment. We do not think, however, that the inference from any of these omissions is strong enough to impeach the plain words of the December 7th docket entry, "judgment ordered vacated." We must

therefore consider that on December 7th a verbal order was made, purporting to vacate the judgment of November 18th.

The civil court had power to vacate the judgment it had entered nineteen days before. In actions involving over $200, "the practice, . . . judgments, and proceedings thereafter" in that court are governed by the provisions of law relating to circuit courts (Milwaukee Civil Court Act, sec. 14.2), and the court and its judges have the same power as the circuit court or circuit judges to vacate judgments (Milwaukee Civil Court Act, sec. 21.1). Sec. 269.46 (3), Stats., provides:

"All judgments and court orders may be reviewed by the court at any time within sixty days from service of notice of entry thereof, but not later than sixty days after the end of the term of entry thereof."

Except where an appeal has been taken, the civil court "may in a proper case and in the furtherance of justice, vacate, modify, or correct a judgment rendered in said court at any time within one year after the same was docketed." (Milwaukee Civil Court Act, sec. 21.2.)

Respondent contends that the December 7th order vacating the judgment was not binding on plaintiff, and hence ineffectual to stop the running of the time for appeal, because no notice thereof was served upon or given to the plaintiff or its attorneys. *State ex rel. Chinchilla Ranch v. O'Connell,* 261 Wis. 86, 95, 96, 51 N. W. (2d) 714, is cited to that effect.

In the *Chinchilla Ranch Case,* it was held that an order *made at chambers* vacating a default judgment, of which order the judgment creditor did not learn until the debtor had petitioned in bankruptcy nine months later, was not binding on the creditor and was ineffective to vacate the lien of the judgment. The court quoted from *Yanggen v.*

*Wisconsin Michigan Power Co.* 241 Wis. 27, 32, 4 N. W. (2d) 130, that "An order of the judge at chambers is ineffective until notice thereof has been served upon the opposite party or his attorney. . . . For unlike an order made in open court, . . . such an order would not apprise the opposite party of its existence."

The principle thus announced is not applicable to the present case, for here there is nothing in the docket entry or elsewhere in the record to show that the December 7th order vacating the judgment was not made in open court. We must therefore presume that it was made in open court and not in chambers. Only "the court" is authorized to vacate judgments by sec. 269.46, Stats., or by Milwaukee Civil Court Act, sec. 21.2. When an order is authorized to be made by "the court" only, it must be done by the *court in session*. (Sec. 269.29.) It is to be presumed that the trial judge acted in the proper manner specified by the statute, *i. e.,* made the order in open court, as an order of the court. If the fact was otherwise, plaintiff might have made timely application to the civil court to correct the record to conform to the fact.

Presuming as we must that the order vacating the judgment was made in open court, the *Chinchilla Ranch Case, supra,* and others dealing with orders made at chambers are not controlling, and failure to serve notice of the order on plaintiff or its attorneys did not render it ineffectual to vacate the judgment so as to prevent the running of the time for appeal.

It follows that the judgment was vacated on December 7th, and that the time for appeal did not begin to run until its reinstatement on January 4th. *Volland v. McGee,* 238 Wis. 227, 229, 298 N. W. 602. The appeal was therefore timely, and the order of the circuit court dismissing the appeal must be reversed.

2. The circuit court's decision dealt only with the appeal from the judgment, and made no mention of the appeal from the order of January 4th, denying the motion to reopen. The formal order dismisses "the appeal . . . from the judgment of the civil court," and nothing more. So far as the record discloses, the appeal from the order is still before the circuit court, and we need not consider it.

*By the Court.*—Order reversed, and cause remanded for further proceedings not inconsistent with this opinion.