Kathleen NEYLAN, Plaintiff-Appellant,

v.

Richard VORWALD and General Casualty Company
of Wisconsin, an insurance corporation,
Defendants and Third-Party Plaintiffs-Respondents,

Rosemary NEYLAN and IMT Insurance Company,
a foreign corporation, Third-Party Defendants.

[Case No. 82–2051.]

Rosemary NEYLAN, Plaintiff-Appellant,

v.

Richard VORWALD and General Casualty Company
of Wisconsin, an insurance corporation,
Defendants-Respondents.†

[Case No. 82–2052.]

Court of Appeals

*Submitted on briefs September 19, 1983.—
Decided November 8, 1984.*
(Also reported in 360 N.W.2d 537.)

† Petition to review granted.

For the plaintiffs-appellants the cause was submitted on the briefs of *Charles E. Brady* and *Czajkowski & Queram* of Prairie du Chien.

For the defendants-respondents the cause was submitted on the brief of *Roger J. Mueller* and *Hamilton & Mueller, S.C.* of Dodgeville.

Before Gartzke, P.J., Bablitch and Dykman, JJ.

BABLITCH, J.   These consolidated appeals are from identical orders denying the plaintiff-appellants' motion for trial and to set aside orders dismissing their related personal injury actions for want of prosecution. The

orders of dismissal were entered, without notice to the parties or their counsel, more than four years before the motion was made. The parties received no notice that the orders had been entered, and continued trial preparation and settlement negotiations. Because we conclude that the orders of dismissal were void, and that the trial court abused its discretion in refusing to vacate them, we reverse.

The facts are undisputed. The actions arose out of a rear-end automobile collision occurring November 26, 1972. The plaintiffs, who are sisters residing in Iowa, commenced these actions on October 31, 1975. At that time they were represented by Attorney Robert R. Sheffer. The complaints allege that Kathleen Neylan was a passenger in an automobile, owned and operated by Rosemary Neylan when it was struck from behind by an automobile driven by defendant Richard Vorwald. Vorwald and his insurance company, General Casualty Company of Wisconsin, commenced a third party action against Rosemary and her insurer, IMT Insurance Company.

The orders dismissing the actions, bearing the judge's stamped signature, were entered on August 29, 1978. At that time the circuit court file in Rosemary's action, No. 1730–75, contained only a summons and complaint filed November 12, 1975, and an answer filed November 14, 1975. The file in Kathleen's action, No. 1731–75, contained the identical documents, together with others which pertained to both actions.[1] The last of these was

---

[1] The additional documents in Kathleen's action were: a third-party summons and complaint dated December 16, 1975; a notice of appearance on behalf of third-party defendant dated January 7, 1976; a request for production of documents relating to Kathleen's income during 1971 through 1976 dated February 14, 1977; and a stipulation correcting the caption of the action dated March 10, 1977.

filed March 10, 1977. The actions had not been formally consolidated for trial. The parties' counsel were identical in each action.

No further documents of note were filed in Rosemary's action following the order of dismissal. Kathleen's file contains a notice of trial and certificate of readiness dated June 1, 1979, signed by Attorney Sheffer; a second request for production of documents dated June 25, 1979; a motion dated August 21, 1979, for an order requiring Kathleen to produce certain documents relating to her finances; and the motion for trial dated October 4, 1982, which is the subject of this appeal.[2]

Attorney Sheffer died in October 1979, more than a year after the orders dismissing the actions were entered. The appellants were represented at the October 20, 1982, hearing on the motion to vacate those orders by present counsel, who is apparently a member of the firm (or a successor firm) to which Attorney Sheffer belonged.[3]

---

[2] A single motion filed with respect to each case requested relief as follows:

NOW COME the above named plaintiffs, by their attorneys, Czajkowski and Queram, and respectfully move the court to establish a date and time for the trial of the above named causes to a jury of Crawford County citizens, and, in the alternative,

NOW COME the above named plaintiffs, by their attorneys, Czajkowski and Queram, and respectfully move the court to set aside the order dismissing the above stated actions entered by this court on August 29, 1978, on the grounds that said order was without notice to counsel, was inadvertently entered, was entered without opportunity of counsel to address the court and was de facto ignored by the court and the parties hereto and by their counsel.

[3] Attorney Sheffer subscribed pleadings at the commencement of the action as a member of the firm of Sheffer & Queram. Appellants' present counsl subscribed the motion for trial which is the subject of this appeal as a member of the firm of Czajkowski & Queram.

No evidence was adduced at the hearing. Present counsel represented without challenge that he had acquired responsibility for the files in January 1980, and that various written and telephonic communications between counsel, and between counsel and the court, had occurred since that time. He surmised that his firm's first indication that the orders of dismissal had been entered was in late 1979 or early 1980, when a secretary was instructed to conform the office files to the circuit court files. He did not indicate when he himself had learned of the orders, whether his clients were made aware of the orders, or why no earlier efforts had been made to set the orders aside.

The trial court stated that the question before it was whether the orders of dismissal were valid. It observed that the new rules of civil procedure which took effect in January, 1976, had placed a duty on the court to move cases along, whereas the prior rules had placed that responsibility solely on the plaintiff. The trial court indicated that the orders of dismissal in these cases had been based solely on the contents of each file at the time the orders were entered. The court stated:

I don't know of any requirement . . . other than good practice, that the Court has to give notice of dismissal of cases under the old rules of civil procedure and I know that it has been and still is the practice of many courts to dismiss cases wholesale without notice where no action has been taken within a certain period of time.

So, the Court had reason to dismiss these cases. The failure of the court to give notice or to hold a hearing or even to send copies of an order to counsel is not fatal to the order and therefore in reconsideration of the matter, at this time in 1982 is not appropriate and the request to set a trial date or to reopen the cases is denied.

We deem the issues to be:

1. Whether the orders of dismissal are void for want of notice;

2. Whether, if so, the trial court abused its discretion in refusing to vacate them.

The orders of dismissal cited no authority for the trial court's action. Circuit courts have both statutory and inherent power to dismiss stale cases. *Trispel v. Haefer,* 89 Wis. 2d 725, 737, 279 N.W.2d 242, 247 (1979) (citing *Hauer v. Christon,* 43 Wis. 2d 147, 154, 168 N.W.2d 81, 84–5 (1969)).

Section 805.03, Stats., governing sanctions for want of prosecution and failure to abide by pre-trial orders, provides:

For failure of any claimant to prosecute or for failure of any party to comply with the statutes governing procedure in civil actions or to obey any order of court, the court in which the action is pending may make such orders in regard to the failure as are just, including but not limited to orders authorized under s. 804.12(2) (a). Any dismissal under this section operates as an adjudication on the merits unless the court in its order for dismissal otherwise specifies for good cause shown recited in the order. A dismissal on the merits may be set aside by the court on the grounds specified in and in accordance with s. 806.07. A dismissal not on the merits may be set aside by the court for good cause shown and within a reasonable time.

The statute does not expressly require the court to give notice before dismissing an action. The respondent reasons that no such notice need be given. That conclusion does not necessarily follow from the statute's silence.

The predecessor to sec. 805.03, Stats., was sec. 269.25, Stats. (1973). In its original form, the statute expressly allowed the court to dismiss "without notice" any action not brought to trial within five years after its commencement. *See* sec. 269.25 (1967). The statute was amended by the legislature in ch. 269, Laws of 1969, to provide that actions not brought to trial within four

years after commencement could be dismissed "with notice."

In *Lawrence v. MacIntyre,* 48 Wis. 2d 550, 180 N.W.2d 538 (1970), the court considered a case which arose under the five-year statute but was decided after the 1969 amendment. Noting the inherent power of courts to dismiss actions in the interest of orderly administration of justice, the supreme court stated that a trial judge need not wait for the expiration of the statutory period before ordering a dismissal where parties "have failed to use reasonable diligence in bringing their suits to trial." 48 Wis. 2d at 555, 180 N.W.2d at 541. The court said, however, that in exercising its inherent discretion the trial court could not "omit the giving of notice."

Under the statute as it stood heretofore, no notice was required after the running of the five-year period. Under the new statute, ch. 269, Laws of 1969, we consider that sound judicial policy will require the giving of notice in all cases irrespective of whether the dismissal is pursuant to the statute after the running of the four-year period or prior thereto in the exercise of the court's inherent power.

48 Wis. 2d at 555–56, 180 N.W.2d at 541.

Present section 805.03, Stats., was adopted by supreme court order, 67 Wis. 2d 690, effective January 1, 1976, as part of the Wisconsin rules of civil procedure. This section governed the orders of August 29, 1978, because trial of these actions had not commenced prior to January 1, 1976. Sec. 801.01(3)(b), Stats. The Wisconsin rules were prepared by the judicial council and were "patterned after" the federal rules of civil procedure. *Trispel v. Haefer,* 89 Wis. 2d at 736, 279 N.W.2d at 247.

There is no suggestion from the judicial council committee's note to section 805.03, Stats., that the "sound judicial policy" of giving notice enunciated in *Lawrence*

was intended to be reversed or altered. To the contrary, the committee's note emphasizes the limited use which should be made of the extreme power to dismiss:

This section, generally based on Federal Rule 41(b), replaces s. 269.25. Because of the harshness of the sanction, a dismissal under this section should be considered appropriate only in cases of egregious conduct by a claimant. *See Link v. Wabash R. Co.* (1962), 370 U.S. 626; *Latham v. Casey & King Corp.* (1964), 23 Wis.2d 311, 127 N.W.2d 225.

Judicial Council Commitee's Note, 1974, 67 Wis. 2d 691.

The cases cited by the judicial council committee establish that an order of dismissal is subject to the due process clause of the fourteenth amendment to the United States Constitution. *Link v. Wabash R. Co.,* 370 U.S. 626, 632 (1962); *Latham v. Casey & King Corp.,* 23 Wis. 2d 311, 316, 127 N.W.2d 225, 227–28 (1964). The fundamental requisite of due process is affording a party whose rights may be affected by government action " 'an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked.' " *Link,* 370 U.S. at 632 (quoting *Anderson National Bank v. Luckett,* 321 U.S. 233, 246 (1944)). "Judgments entered contrary to due process are void." *Wengerd v. Rinehart,* 114 Wis. 2d 575, 587, 338 N.W.2d 861, 868 (Ct. App. 1983) (citing *United States v. McDonald,* 86 F.R.D. 204, 208 (N.D. Ill. 1980), and *DiCesare-Engler Productions, Inc. v. Mainman, Ltd.,* 81 F.R.D. 703, 704 (W.D. Pa. 1979)).

*Link* held that the absence of express advance notice of the possibility of dismissal, and a pre-dismissal hearing, does not "necessarily render . . . a dismissal void." 370 U.S. at 632.

[The requirement of meaningful notice and opportunity to be heard] does not mean that every order entered

without notice and a preliminary adversary hearing offends due process. The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct. The circumstances here were such as to dispense with the necessity for advance notice and hearing.

*Id.*

In *Link* the circumstances which were held to dispense with the necessity for advance notice and a pre-dismissal hearing included a long "drawn-out history of . . . litigation" for six years, followed by the failure of plaintiff's counsel to appear at a pretrial conference, which justified a conclusion "that petitioner had been deliberately proceeding in dilatory fashion." 370 U.S. at 633. *See also* 370 U.S. at 628 n. 2 (history of litigation included express warning more than a year prior to entry of the order of dismissal that the case could be dismissed).

In *Latham, supra,* the Wisconsin Supreme Court distinguished *Link* in holding that the trial court abused its discretion in dismissing a complaint on its merits, and rendering judgment on the counter-claim, as a penalty for plaintiff's failure to appear at a pre-trial hearing only three months after the action was commenced. In the absence of published court rules giving notice to attorneys of possible sanctions for failing to obey court orders, or of a warning of such sanctions in the notice of pre-trial conference, dismissal on the merits was "too great a burden to visit upon the plaintiff" for his counsel's failure to appear. 23 Wis. 2d at 316, 127 N.W.2d at 228. The court said:

The due-process clause of the Fourteenth amendment requires at least a fair and adequate warning by court rule or notice of the imposition of the sanctions or penalties to be invoked for the failure to comply with a

court order. Lacking such forewarning, a hearing should be had on the imposition of a penalty.

*Id.*

In *dicta,* the *Latham* court stated that where court rules provide for dismissal or where notice of the pre-trial conference gives fair warning of that possibility, and the complaint is dismissed without hearing, an "escape hatch" was available under former sec. 269.46(1), Stats. (present 806.07(1)), governing relief from judgment. 23 Wis. 2d at 317, 127 N.W.2d at 228. *Link* noted the same "escape hatch" in federal rule 60(b), stating that its availability as a corrective remedy to open judgments of dismissal "renders the lack of prior notice of less consequence." 370 U.S. at 632. The observations of both courts concerning the viability of any such escape hatch, of course, presuppose that post-dismissal notice, at least, has been given to the parties.

The respondent relies on *Trispel v. Haefer,* 89 Wis. 2d 725, 279 N.W.2d 242 (1979), which was decided after the adoption of present sec. 805.03, Stats. In that case the plaintiff's complaint was dismissed on the motion of the defendants for failure to comply with a pre-trial order requiring the production of a medical report and posting of security by a date certain. The supreme court distinguished the case from *Latham, supra,* in part as follows:

In Latham . . . [t]his court stressed that the [local court rules], unlike the Federal Rules of Civil Procedure, did not disclose the existence of any court rule providing for sanctions or penalties for the non-appearance of counsel at a pre-trial hearing. . . .
Since the Wisconsin Rules of Civil Procedure . . . have been amended and patterned after the Federal Rules, the appellant misplaces his reliance on the *Latham* decision. *Sec. 805.03, Stats., is sufficient notice to attorneys practicing in this state of the action which a court may take after a party's failure to comply with pre-trial orders.* The dismissal of an action under appropriate

circumstances is not an extreme measure if the trial courts are to be encouraged to facilitate and expedite the trial of their cases. [Emphasis supplied.]

89 Wis. 2d at 736, 279 N.W.2d at 247.

Disobedience of a court order is a far more precise act than failure of a claimant to prosecute an action. Complex cases may be delayed for legitimate reasons, or for the fault of others than the claimant. Reasonable minds may differ as to the precise moment in time the claimant's delay becomes so egregious as to warrant dismissal, and thus to place the claimant on notice "of the consequences of his own conduct" sufficient to meet the requirements of due process. *Link,* 370 U.S. at 632.

The question under *Link* is whether the circumstances of the case are "such as to dispense with the necessity for advance notice and hearing." 370 U.S. at 632. These actions were less than three years old at the time they were dismissed. No papers had been filed in Rosemary's action since commencement, giving the initial appearance that it had been abandoned. It is apparent, however, that the consecutively numbered files were treated as companion cases and that following the pleadings the record for both cases was compiled in Kathleen's file. Among the last documents filed prior to the dismissals was a discovery demand pertaining to Kathleen's income since the accident, and a stipulation correcting the caption, indicating that the defendants were participating in the leisurely pace of the actions at that time.[4] The defendants have made no claim, throughout these proceedings, that they have been prejudiced in any way by the plaintiffs' failure to prosecute.[5]

---

[4] *Cf. Saylor v. Bastedo,* 623 F.2d 230, 239 (2nd Cir. 1980) (no dismissal for want of prosecution was warranted where, among other things, defendants acquiesced in the long delays).

[5] *Cf. Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2nd Cir. 1982) ("Prejudice to defendants resulting from unrea-

Unlike *Trispel, Link,* or *Latham,* this case does not involve disobedience of a court order. No order prior to the orders of dismissal was ever made in either action. Unlike *Trispel,* the defendants in this case never moved to dismiss the actions for want of prosecution. Unlike *Trispel* or *Link,* the plaintiffs were given no notice whatever that the court contemplated dismissal of the actions at any time prior to the entry of the orders. This case is unique, moreover, in that no notice was given after the orders had been entered. The "escape hatch" which to some extent alleviated the need for pre-dismissal notice and hearing according to *Link* and *Latham,* was therefore not available to the plaintiffs; they did not know they needed relief from orders which were entered without notice to any party.

While we can conceive of circumstances in which the dismissal of an action for want of prosecution without prior notice or hearing is warranted, this case does not present them. Moreover, we can conceive of no circumstances which would warrant dismissal of an action without subsequent notice to the parties of the action which had been taken. In *State ex rel. Chinchilla Ranch, Inc., v. O'Connell,* 261 Wis. 86, 95–6, 51 N.W.2d 714, 718 (1952) the supreme court held that an order made by a judge in chambers was not binding on a party who had no notice of its entry, and said:

"An order of the court is a high and solemn juridical act and great care must be taken that such an act be performed under due safeguards to protect those whose right it affects. . . .

"An order of the judge at chambers is ineffective until notice thereof has been served upon the opposite party or his attorney. For unlike an order made in open court, such an order would not apprise the opposite party of its existence. . . ." [Citations omitted.]

sonable delay may be presumed . . . but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater. . . ." [citations omitted.])

261 Wis. at 95, 51 N.W.2d at 718 (quoting *Yanggen v. Wisconsin Michigan Power Co.*, 241 Wis. 27, 31, 32, 4 N.W.2d 130, 132, 133 (1942)). *Accord Transcontinental Ins. Co. v. Hartung Motor Co.*, 1 Wis. 2d 159, 164, 83 N.W.2d 744, 746–47 (1957). Although those cases involved different circumstances and statutory provisions, the principles they enunciate are fundamental to due process. It is not within the province or power of a court to enter orders or decrees without notice. *Mullane v. Central Hanover B. & T. Co.*, 339 U.S. 306, 313 (1950).

We conclude that the orders dismissing the actions were void.[6] The question remains whether the plaintiffs were entitled to have them vacated.

Section 806.07, Stats., governs relief from judgments. The statute provides:

(1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:
(a) Mistake, inadvertence, surprise, or excusable neglect;
(b) Newly-discovered evidence which entitles a party to a new trial under s. 805.15 (3) ;
(c) Fraud, misrepresentation, or other misconduct of an adverse party;
(d) *The judgment is void;*

---

[6] In *Wengerd v. Rinehart*, 114 Wis. 2d 575, 587–88, 338 N.W.2d 861, 868–69, (Ct. App. 1983) this court held that due process objections to orders entered without prior notice and opportunity to be heard were waived when the objectors failed to challenge the orders on those grounds until nearly three years after they were entered, and thus that the orders were not void. *Wengerd* is inapplicable to this case. In *Wengerd* the objectors had notice of the entry of the defective orders within five days, and attacked them on numerous other grounds before raising the due process issue. In this case, notice of the orders was never given to any of the parties, who proceeded as though the orders had never been entered.

(e) The judgment has been satisfied, released or discharged;

(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;

(g) It is no longer equitable that the judgment should have prospective application; or

(h) Any other reasons justifying relief from the operation of the judgment.

(2) *The motion shall be made within a reasonable time,* and, if based on sub. (1) (a) or (c), not more than one year after the judgment was entered or the order or stipulation was made. A motion based on sub. (1) (b) shall be made within the time provided in s. 805.16. A motion under this section does not affect the finality of a judgment or suspend its operation. This section does not limit the power of a court to entertain an independent action to relieve a party from judgment, order, or proceeding, or to set aside a judgment for fraud on the court. [Emphasis supplied.]

The statute "is substantially equivalent to Federal Rule 60 (b) and replace[d former sec.] 269.46." Judicial Council Committee's Note, 1974, 67 Wis. 2d 726.

In *West v. West,* 82 Wis. 2d 158, 165–66, 262 N.W.2d 87, 90 (1978), the supreme court stated that former sec. 269.46(1) "presupposes the entry of a valid judgment. . . . It has nothing whatsoever to do with the vacation of a void judgment. . . . A void judgment may be expunged by a court at any time." And in *Kohler Co. v. ILHR,* 81 Wis. 2d 11, 25, 259 N.W.2d 695, 701 (1977), a case written after the adoption of present sec. 806.07, Stats., the supreme court said:

When a court or other judicial body acts in excess of its jurisdiction, its orders or judgments are void and may be challenged at any time.

"A judgment or order which is void may be expunged by a court at any time. Such right to expunge a void order or judgment is not limited by statutory requirements for reopening, appealing from, or modifying orders or judgments." *State ex rel. Wall v. Sovinski,* 234 Wis. 336, 342, 291 N.W. 344 (1940). *See also Home*

*Bank v. Becker,* 48 Wis. 2d 1, 7, 179 N.W.2d 855 (1970).

The fact that the award came many years after the void order is of no consequence. In *Halbach v. Halbach,* 259 Wis. 329, 331, 48 N.W.2d 617 (1951), the void judgment was challenged ten years after entry. The court stated that laches did not apply even if the plaintiff had been dilatory or lackadaisical in his efforts to overturn the judgment. "It is the duty of the court to annul an invalid judgment."

A void judgment cannot be validated by consent, ratification, waiver, or estoppel. Furthermore, void judgments may be attacked collaterally. The 1960 application was still valid. [Footnote omitted; citations omitted.]

Unless sec. 806.07, Stats., has changed this principle of ancient and universal application, that a void judgment or order may be vacated at any time, the trial court had a duty to vacate the orders of dismissal. *Halbach v. Halbach,* 259 Wis. 329, 331, 48 N.W.2d 617, 619 (1951); *see also Godfrey v. Wright,* 151 Wis. 372, 139 N.W. 193 (1912). If, however, by specifically including the reference to "void judgments" in sec. 806.07(1), the intent was to subject void judgments and orders to the time requirements of 806.07(2), the trial court was obliged to consider whether the plaintiffs brought their motion to vacate the orders within a reasonable time. The motion was brought more than four years after the orders were entered, and more than a year and one-half after plaintiff's counsel's firm had notice of them.

In *Wisconsin Public Service Corp. v. Krist,* 104 Wis. 2d 381, 385–86 n. 3, 311 N.W.2d 624, 627 (1981), the supreme court in *dicta* raised, but did not decide, the question whether a motion to set aside a void judgment must be brought within a reasonable time. And in *In Matter of Foreclosure of Tax Liens,* 106 Wis. 2d 244, 316 N.W.2d 362 (1982) the court determined that such a motion had been brought within a reasonable time,

citing sec. 806.07 (1) (d), but not considering whether the statute effected a change in longstanding caselaw.

As *Krist* observed, numerous federal cases construing federal rule 60 (b), after which sec. 806.07, Stats., was patterned, have held that it intended no change in the well-settled principle that a void judgment may be attacked at any time, and that an attack is not barred by laches. Wright and Miller, in *Federal Practice and Procedure,* observe:

[T]here is no time limit on an attack on a judgment as void. The one-year limit applicable to some Rule 60·(b) motions is expressly inapplicable, and even the requirement that the motion be made within a "reasonable time," which seems literally to apply to motions under Rule 60 (b) (4), cannot be enforced with regard to this class of motion. A void judgment cannot acquire validity because of laches on the part of the judgment debtor. [Footnotes omitted.]

11 C. Wright & A. Miller, *Federal Practice and Procedure* sec. 2862 (1973). Similarly, *Moore's Federal Practice,* Second Edition, states:

A void judgment is something very different than a valid judgment. The void judgment creates no binding obligation upon the parties, or their privies; it is legally ineffective. . . . The judgment may also be set aside under 60 (b) (4) within a "reasonable time," which, as here applied, means generally no time limit, or the enforcement of the judgment may be enjoined. The judgment may also be collaterally attacked at any time in any proceeding, state or federal, in which the effect of the judgment comes in issue, which means that if the judgment is void it should be treated as legally ineffective in the subsequent proceeding. Even the party which obtained the void judgment may collaterally attack it. And the substance of these principles are equally applicable to a void state judgment.

A party attacking a judgment as void need show no meritorious claim or defense or other equities on his behalf; he is entitled to have the judgment treated for

what it is, a legal nullity, but he must establish that the judgment is void. [Footnotes omitted.]

7 J. Moore, *Moore's Federal Practice* para. 60.25[2] (2d ed. 1983).

Where a Wisconsin rule of civil procedure is based on a federal rule of civil procedure decisions of the federal courts, to the extent they show a pattern of construction, are considered persuasive authority. *Carlson Heating, Inc. v. Onchuck,* 104 Wis. 2d 175, 179 n. 2, 311 N.W.2d 673, 675–76 (Ct. App. 1981) (citing Clausen & Lowe, *The New Wisconsin Rules of Civil Procedure Chapters 801–803,* 59 Marq. L. Rev. 1 (1976)).

Moreover, we deem it highly probable that, if a change in the law as monumental as imposing a "reasonable time" requirement on applications for relief from void judgments were intended, such intent would have been noted by the legislative body. The judicial council committee's note to this section states only: "This section is substantially equivalent to Federal Rule 60(b) and replaces s. 269.46." Judicial Council Committee's Note, 1974, 69 Wis. 2d 726. There is no suggestion in the history of the section that a departure from former Wisconsin law, which is consistent with present federal cases construing federal rule 60(b), was intended.

We conclude that the "reasonable time" requirement of sec. 806.07(2), Stats., does not apply to void judgments or orders. The trial court had a duty to vacate the orders dismissing these actions. The orders appealed from must therefore be reversed.

*By the Court.*—Orders reversed.

DYKMAN, J. (*dissenting*). In *Livesey v. Copps Corp.,* 90 Wis. 2d 577, 581, 280 N.W.2d 339, 341 (Ct. App. 1979), we adopted the rule that the court of appeals

is bound by prior decisions of the Wisconsin Supreme Court. We followed this rule in *State v. Olsen,* 99 Wis. 2d 572, 583, 299 N.W.2d 632, 638 (Ct. App. 1980), *State v. Beno,* 110 Wis. 2d 40, 47 n. 2, 327 N.W.2d 712, 716 (Ct. App. 1982), *rev'd on other grounds,* 116 Wis. 2d 122, 341 N.W.2d 668 (1984), and *State v. Cooper,* 117 Wis. 2d 30, 36, 344 N.W.2d 194, 197 (Ct. App. 1983). I therefore cannot agree with the majority's decision to overrule the supreme court's determination in *In Matter of Foreclosure of Tax Liens,* 106 Wis. 2d 244, 253, 316 N.W.2d 362, 366 (1982). In that case the court said: "We agree with the court of appeals in ruling that the one-year limitation does not apply to actions brought under sec. 806.07(1)(d), Stats. Motions claiming that the judgment is void are permissible if brought within 'a reasonable time.' "[1]

In its decision, the majority writes at page 497: "We conclude that the 'reasonable time' requirement of sec. 806.07(2), Stats., does not apply to void judgments or orders." The majority's reason for concluding that the *Tax Liens* decision was wrong is that the supreme court did not adequately consider whether Rule 806.07(1)(d) effected a change in longstanding case law. This is an insufficient reason for deviating from precedent. In *State v. Lossman,* 118 Wis. 2d 526, 533, 348 N.W.2d 159, 163 (1984), the court said: "Had the court of appeals adhered to precedent, as it is required to do, this review would not have been necessary. It is apparent that [the court of appeals] thought the decision of this court in *Zdiarstek* was wrong; and, hence, it attempted to avoid what is a clear and binding precedent."

Rule 806.07(1)(d), Stats., was adopted by supreme court order. *See* 67 Wis. 2d 726 (1976). The plain meaning of Rule 806.07(2) requires a motion brought under

---

[1] I do not distinguish between judgments and orders as those terms are used in this opinion.

Rule 806.07(1)(d) to be brought within a reasonable time. The primary function of the supreme court is to oversee and implement the statewide development of the law. *State v. Mosley*, 102 Wis. 2d 636, 665, 307 N.W.2d 200, 216 (1981). It is therefore more appropriate that the supreme court decide whether its decision in *Tax Liens* should be modified so as to reach the conclusion adopted here by the majority.

Were I writing for the majority, I would conclude that we should follow the *Tax Liens* decision.

Because the majority concludes that a motion brought under Rule 806.07(1)(d), Stats., need not be brought within a reasonable time, it does not reach the question whether plaintiffs' motions were brought within a reasonable time. In *Wisconsin Public Service Corp. v. Krist*, 104 Wis. 2d 381, 394, 311 N.W.2d 624, 631 (1981), the court said that a trial court's determination under Rule 806.07(1)(a) is discretionary. We therefore will not reverse that determination unless the trial court abused its discretion. Though voidness is a mixed question of fact and law, the introductory paragraph of Rule 806.07 makes relief from judgments and orders discretionary. I therefore conclude that a trial court has discretion to grant or deny relief under Rule 806.07(1)(d).

In three cases, the supreme court considered whether a trial court abused its discretion by refusing to vacate judgments. In *Rhodes v. Terry*, 91 Wis. 2d 165, 177, 280 N.W.2d 248, 253 (1979), the court found no abuse of discretion where a trial court refused to vacate a judgment where the motion for relief was brought less than seven months after defendant knew a judgment had been taken against him. In *Charolais Breeding Ranches v. Wiegel*, 92 Wis. 2d 498, 517, 285 N.W.2d 720, 729 (1979), the court found no abuse of discretion in denying a motion to vacate a judgment made 60 days after the judgment was entered. In *Krist*, 104 Wis. 2d at 384,

311 N.W.2d at 626, a ten month period between notice of entry of judgment and motion to vacate was involved. The court found no abuse of discretion where the trial court refused to vacate the judgment.

In these cases, plaintiffs had notice of the orders of dismissal in late 1979 or early 1980, but did not bring a motion to vacate until October 4, 1982. The one and a half to two year period present in these cases substantially exceeds the 60-day, seven month and ten month periods involved in *Charolais, Rhodes* and *Krist.* However, the trial court must also consider the particular facts and circumstances of the case in deciding whether the reasonable time requirement was satisfied. *State ex rel. Lewandowski v. Callaway,* 118 Wis. 2d 165, 175, 346 N.W.2d 457, 461 (1984). Though the trial court gave adequate reasons for entering its orders, it gave no reasons why it refused to vacate them. However, we are obliged to uphold a discretionary decision of a trial court if we can conclude *ab initio* that there are facts of record which would support the trial court's decision had discretion been exercised on the basis of those facts. *Schmid v. Olsen,* 111 Wis. 2d 228, 237, 330 N.W.2d 547, 552 (1983).

The facts of record show that one of the plaintiffs is an attorney. An attorney should know that trial courts have an obligation to dismiss stale cases. The other plaintiff is a student. They began their actions at nearly the last possible moment, avoiding a statute of limitations bar by 13 days. Rosemary Neylan then did nothing until her case was dismissed on February 8, 1977, nearly three years later. Kathleen Neylan stipulated that the caption to her action could be amended. She ignored defendant's request for production of documents made February 11, 1977. She claimed loss of income, but in a November 17, 1976, deposition had no information to support her claim. She agreed to produce some docu-

mentation for her income loss, but did not, necessitating a second request for production of documents. Other than neglecting to produce documents, Kathleen Neylan also did nothing until her case was dismissed. Her attorney did not file an affidavit or give testimony showing what had been done to bring the case to trial. There is no record of any action in either case, other than that already decribed, until they were dismissed.

Had the court used these facts as reasons why it refused to vacate the orders, we would affirm its orders because they would have been based on relevant facts, the court would have used a rational process and reached a conclusion that a reasonable court could reach. *Loy v. Bunderson,* 107 Wis. 2d 400, 414–15, 320 N.W.2d 175, 184 (1982). The court did not address plaintiffs' argument on appeal that a refusal to vacate the orders denied them due process of law because plaintiffs did not make that argument in the trial court.

"Even if the evidence favoring a default judgment is slight, . . . an appellate court should affirm unless it was impossible for the trial court to grant the judgment in the exercise of its discretion." *Martin v. Griffin,* 117 Wis. 2d 438, 442, 344 N.W.2d 206, 209 (Ct. App. 1984). The same principle applies here. I conclude that the record supports a finding that plaintiffs' motions to vacate were not brought within a reasonable time.

The majority does not state why it concludes the orders were void. Though my analysis of the issues in these cases makes inquiry into voidness unnecessary, I question whether the orders were void. The supreme court examined the voidness doctrine in *Krist,* 104 Wis. 2d at 390, 311 N.W.2d at 629, and said: "The final principle to be derived from [*Frankfurth v. Anderson,* 61 Wis. 107, 20 N.W. 662 (1884)] is that errors of the court do not generally render a judgment void so long as the court which renders the judgment has jurisdiction

of the person of the defendant as well as of the subject matter." (Footnote omitted.)

Because plaintiffs brought these actions, the court had personal jurisdiction over them. In *Mueller v. Brunn*, 105 Wis.2d 171, 177, 313 N.W.2d 790, 793 (1982), the court said citing *Krist:* "If a court has power, *i.e.* subject matter jurisdiction, to entertain a particular type of action, its judgment is not void even though entertaining it was erroneous and contrary to the statute." The circuit court had the power to entertain personal injury actions, giving the court subject matter jurisdiction.[2] Using the test for voidness outlined in *Krist,* I conclude the orders were not void.

Though the orders were entered pursuant to statute, and the trial court's refusal to vacate them was not an abuse of discretion, we cannot stop with a statutory analysis if a constitutional attack on the orders was made in the trial court. Judgments entered contrary to due process are void. *Wengerd v. Rinehart,* 114 Wis. 2d 575, 587, 338 N.W.2d 861, 868 (Ct. App. 1983).

The majority does not consider whether orders, void because entered contrary to due process, are subject to the same appellate analysis as orders or judgments void

[2] *See Mueller v. Brunn,* 105 Wis. 2d 171, 176–78, 313 N.W.2d 790, 793 (1982), for a discussion of the need for further inquiry into the competence of a court to render a valid judgment. Under the definition adopted by the court and found in the *Restatement (Second) of Judgments* sec. 50 comment a (1980), I conclude the circuit court had competence to enter the order. That comment to the *Restatement* provides:

a. *Requirement of competency of the court.* . . . Although a State has jurisdiction over the person of the defendant, it may not have given to a particular court or it may not have given to any of its courts power to entertain the action. In such a case the court has no "competency" to render a valid judgment. The court has no power to render a valid judgment, not because the State lacks power but because it has not conferred power upon the court.

for reasons other than due process infirmities. Its conclusion is that a trial court must vacate void orders, and the context of its conclusion suggests that orders entered contrary to due process must be vacated. This conclusion is contrary to the holding in *Wengerd*, 114 Wis. 2d at 587, 338 N.W.2d at 868, where we held that judgments entered contrary to due process need not be vacated if the error is waived by the party against whom the judgment is taken.

The Supreme Court has concluded that dismissal of an action without prior notice does not necessarily violate the due process clause of the fourteenth amendment to the United States Constitution. In *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962), the Court considered this question. It said:

Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion.

The Court noted that the case was six years old when dismissed, plaintiff knew of Rule 41(b) of the Federal Rules of Civil Procedure which permits a district court to dismiss an action for failure to comply with a court order, and that Rule 60(b) of the federal rules provided a means by which the court's dismissal could be reviewed.

These cases were three years old when dismissed and seven years old when plaintiffs asked the court to vacate its orders of dismissal. Plaintiffs' attorney should have known of Rule 805.03, Stats., which is based generally on Federal Rule of Civil Procedure 41(b). Rule 806.07, Stats., is substantially equivalent to Federal Rule 60(b). Plaintiff in *Link* and these cases delayed by failing to

answer interrogatories, and made no effort to bring the matters to trial. The similarities between *Link* and these cases lead to the conclusion that plaintiffs' conduct coupled with the Rule 806.07 remedy permitted the trial court to dismiss these cases without offending due process.[3]

Finally, I disagree with the majority opinion because it considers an issue not raised in the trial court. This is an error-correcting court. *State v. Mosley*, 102 Wis. 2d 636, 665, 307 N.W.2d 200, 216–17 (1981). We are burdened with an ever increasing backlog of cases. If this court insists that litigants present issues to trial courts before asking us to consider those issues, we will obviate the need for many appeals. As a general rule, issues not raised in the trial court will not be considered on appeal. *County of Columbia v. Bylewski*, 94 Wis. 2d 153, 171, 288 N.W.2d 129, 138–39 (1980). There is a good reason for this rule: If a trial court is asked to address an issue, it will usually make a correct decision. This is shown in our dispositions; affirmances substantially outnumber reversals. A correct trial court decision is less likely to be appealed because most appellate counsel are disinclined to pursue what their research shows is likely to be a losing cause. I would not consider the due process arguments raised in these cases.

---

[3] A postdismissal hearing differs little from a predismissal hearing. In both instances the court considers whether a plaintiff's actions show a lack of concern for the claim. Thus, had the trial court held a predismissal hearing and dismissed the case, plaintiffs' due process arguments would evaporate. A trial court considers the same factors in arriving at a decision to dismiss stale actions whether it makes this decision before or after the order of dismissal. The court's action cannot logically depend upon whether the motion was heard before or after the order of dismissal.