Kathleen NEYLAN, Plaintiff-Appellant,

v.

Richard VORWALD and General Casualty Company of Wisconsin, an insurance corporation, Defendants and Third-Party Plaintiffs-Respondents-Petitioners,

Rosemary NEYLAN and IMT Insurance Company, a foreign corporation, Third-Party Defendants. [Case No. 82–2051.]

Rosemary NEYLAN, Plaintiff-Appellant,

v.

Richard VORWALD and General Casualty Company of Wisconsin, an insurance corporation, Defendants-Respondents-Petitioners. [Case No. 82–2052.]

Supreme Court

*Nos. 82–2051, 82–2052. Argued April 29, 1985.—*
*Decided May 29, 1985.*

(Also reported in 368 N.W.2d 648.)

For the petitioners there were briefs by *Roger J. Mueller, Patrick J. Fiedler* and *Hamilton & Mueller, S.C.,* Dodgeville, and oral argument by *Roger J. Mueller.*

For the plaintiffs-appellants there was a brief by *Charles E. Brady* and *Czajkowski & Brady,* Prairie du Chien, and oral argument by *Charles E. Brady.*

STEINMETZ, J.   The issues in this case are whether a trial court, upon its own motion, may dismiss actions for failure to prosecute without giving actual notice to any party, and secondly, since such dismissals were ordered in this case, were the judgments void. If they are void, must they be set aside upon motion brought pursuant to sec. 806.07, Stats.,[1] and what, if any, time limits might restrict the bringing of such motions.

---

[1] Sec. 806.07, Stats., provides:

"**806.07  Relief from judgment or order.** (1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

These two related cases were consolidated by stipulation for purposes of appeal. Appeals were taken from orders entered by the Crawford county circuit court, the Honorable Michael Kirchman, denying plaintiffs' motions to set aside orders dismissing their actions entered by the court on August 29, 1978, without prior or subsequent actual notice. Both cases are actions for personal injuries arising out of an automobile accident which occurred in Crawford county, Wisconsin on November 26, 1972, between Rosemary Neylan's and Richard Vorwald's vehicles. Kathleen Neylan, an attorney licensed and practicing law in the state of Iowa, was a passenger in an auto being driven by her sister, Rosemary Neylan, at the time of the accident.

Kathleen Neylan's action (No. 82–2051) was commenced with service of summons and complaint on October 31, 1975, against Richard Vorwald and his insurer,

"(a) Mistake, inadvertence, surprise, or excusable neglect;

"(b) Newly-discovered evidence which entitles a party to a new trial under s. 805.15(3);

"(c) Fraud, misrepresentation, or other misconduct of an adverse party;

"(d) The judgment is void;

"(e) The judgment has been satisfied, released or discharged;

"(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;

"(g) It is no longer equitable that the judgment should have prospective application; or

"(h) Any other reasons justifying relief from the operation of the judgment.

"(2) The motion shall be made within a reasonable time, and, if based on sub. (1)(a) or (c), not more than one year after the judgment was entered or the order or stipulation was made. A motion based on sub. (1)(b) shall be made within the time provided in s. 805.16. A motion under this section does not affect the finality of a judgment or suspend its operation. This section does not limit the power of a court to entertain an independent action to relieve a party from judgment, order, or proceeding, or to set aside a judgment for fraud on the court."

the General Casualty Company of Wisconsin. An answer was filed on November 14, 1975. A third-party summons and a third-party complaint were filed by the defendant on December 16, 1975, against Rosemary Neylan and her insurer, IMT Insurance Company. A notice of appearance was filed on behalf of the third-party defendants on January 7, 1976. Depositions were taken on November 17, 1976. The defendant requested the production of certain documents from the plaintiff on February 14, 1977. A stipulation amending the caption of the third-party summons and complaint was filed on March 10, 1977. The next activity of record was the court's order of August 29, 1978, dismissing the action.

On June 1, 1979, the plaintiff filed a notice of trial and certificate of readiness. Plaintiff's attorney subsequently died. On June 25, 1979, the defendant filed a second request for the production of documents. On August 21, 1979, the defendants filed a motion for an order requiring plaintiff to produce the documents previously requested and reasonable costs and attorney fees to cover the cost of the motion. The record does not show this motion was ever heard. More than four years after the order dismissing the action was entered, on October 4, 1982, plaintiff, by her new attorney, filed a motion for an order establishing a date and time for trial and an order to set aside the order dismissing the action.

Rosemary Neylan's action (No. 82–2052) was also commenced on October 31, 1975, with an answer filed on November 18, 1975. The next document of record was the court's order dismissing the action on August 29, 1978. As in Kathleen Neylan's case, on October 4, 1982, plaintiff filed a motion to set aside the order dismissing the action. On October 18, 1982, a hearing was held on both Kathleen and Rosemary Neylan's motions and on October 20, 1982, an order denying the motions was entered.

At the hearing on October 20, plaintiffs' counsel, attempting to show this case had not been lacking in

prosecution, referred to letters and telephone calls between counsel, most of which did not involve the court.[2] Despite these events, the court concluded the cases were not active and characterized the question as whether the dismissal orders were valid.

The trial judge gave two reasons for denying Kathleen and Rosemary Neylan's motions to set aside the orders dismissing the actions: (1) The new Rules of Civil Procedure[3] place the duty upon the court to advance the prosecution of cases, and (2) by examining the record, the trial court concluded this case was not actively prosecuted.

The court of appeals held the dismissal orders were void for lack of prior notice, and because they were void, the trial court was required to set them aside even though

[2] March 24, 1979, letter from third-party defendant to plaintiff;

June 1, 1979, notice of trial, certificate of readiness and affidavits of mailing to defendant and third-party defendant;

June 22, 1979, letter from defendant to plaintiff and third-party defendant;

June 25, 1979, letter from plaintiff to defendant;

June 26, 1979, letter from defendant to plaintiff;

June 26, 1979, telephone call from defendant to plaintiff;

June 27, 1979, letter from plaintiff to defendant;

August 31, 1979, letter from plaintiff to defendant regarding setting a motion for September 20, 1979;

September 4, 1979, response from defendant requesting another date than September 20;

September 5, 1979, two letters from plaintiff to defendant;

October 5, 1979, letter from defendant to Judge Kirchman;

October 5, 1979, letter from defendant to plaintiff;

January 10, 1980, letter to defense counsel requesting status report;

May 5, 1980, letter to defense counsel requesting deposition of Vorwald;

June 10, 1985, letter from defendant to plaintiff regarding settlement offer;

October 21, 1980, letter from plaintiff to defendant.

[3] Effective January 1, 1976, 67 Wis. 2d 690.

the motion to vacate was brought four years after the orders were entered.[4]

In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 632 (1962), the Supreme Court held that on the record of that case it could not find an abuse of discretion for the district court's dismissal of the action based on petitioner's counsel's failure to appear at a duly scheduled pretrial conference. However, the Court stated on the subject generally that:

"It is true, of course, that 'the fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked.' *Anderson National Bank v. Luckett*, 321 U.S. 233, 246. But this does not mean that every order entered without notice and a preliminary adversary hearing offends due process. The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct."

In this regard, the Court in *Link* stated it may not be necessary to provide actual notice and a hearing where the party has constructive notice through other means, orders or rules of the court as to what the specific consequences of his conduct may be. In this case, because sec. 805.03, Stats., by its language does not provide the constructive notice required under *Link*, actual notice to the parties of the court's dismissal for failure to prosecute is required.

The present rule governing this case is sec. 805.03, Stats.,[5] which was adopted by supreme court order, 67

---

[4] Neylan v. Vorwald, 121 Wis. 2d 481, 360 N.W.2d 537 (Ct. App. 1984).

[5] Sec. 805.03, Stats., provides:

"**805.03 Failure to prosecute or comply with procedure statutes.** For failure of any claimant to prosecute or for failure of any

Wis. 2d 690,[6] as part of the Wisconsin Rules of Civil Procedure. The Wisconsin rules were prepared by the judicial council and were patterned after the Federal Rules of Civil Procedure.[7]

party to comply with the statutes governing procedure in civil actions or to obey any order of court, the court in which the action is pending may make such orders in regard to the failure as are just, including but not limited to orders authorized under s. 804.12(2)(a). Any dismissal under this section operates as an adjudication on the merits unless the court in its order for dismissal otherwise specifies for good cause shown recited in the order. A dismissal on the merits may be set aside by the court on the grounds specified in and in accordance with s. 806.07. A dismissal not on the merits may be set aside by the court for good cause shown and within a reasonable time."

[6] Section 801.01(3)(b) provides: "Chapters 804 to 807 shall apply to all actions pending or commenced on or after January 1, 1976, except those actions in which trial has commenced prior to January 1, 1976, as to which the statutes and rules in effect prior to January 1, 1976, shall apply."

[7] The note to the Judicial Council Committee on the proposed Rules of Civil Procedure, 1974, stated in regard to sec. 805.03, Stats., "This section, generally based on Federal Rule 41(b), replaces s. 269.25." *See also generally* Charles D. Clausen and David P. Lowe, The New Wisconsin Rules of Civil Procedure: Chapters 801–803, 59 Marq. L. Rev. 1, 2 (1976). Federal Rule of Civil Procedure 41(b) provides:

"(b) **Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and

Prior to sec. 805.03, Stats., the statute governing dismissal for want of prosecution was sec. 269.25, 1969.[8] Prior to sec. 269.25, 1969, the statute read as follows: "The court may *without* notice dismiss any action or proceeding which is not brought to trial within *five* years after its commencement" and there was no requirement of actual notice in this earlier version. (Emphasis added.)

Prior to 1969, when sec. 269.25, Stats., did not require actual notice to be given before dismissal of an action, the statutory five-year period served as constructive notice to litigants that the sanction of dismissal would be imposed if the action was not brought to trial within five years of commencement. The prescribed five-year period in which the trial must be commenced and the subsequent dismissal sanction served as sufficient due process protection under the reasoning set out in *Link*. When actual notice is not given, *Link* requires constructive notice be given by informing the litigants of the implications of their conduct. Section 269.25 gave that constructive notice to litigants by setting a specific dismissal sanction after five years, if the action was not brought to trial.

When amended in 1969, sec. 269.25, Stats., required actual notice of dismissal and the time for prosecution was lessened to four years. The present rule, sec. 805.03, does not state any time limit within which trial must proceed after commencement of the action and therefore does not import any constructive knowledge to litigants or their counsel of the outside time limits a court will consider as being a "failure to prosecute," nor does it provide that ac-

---

any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

[8] "269.25 **Dismissal for delay.** The court may with notice dismiss any action or proceeding which is not brought to trial within 4 years after its commencement."

tual notice be given. Where no constructive notice is given, fundamental fairness and due process require that a litigant be given actual notice before a court enters a dismissal without the notice and motion of any party. Otherwise, what a judge feels to be a failure to prosecute a case will depend on the individual judge's thinking, the court's calendar, and rate of case intake and disposition. Section 805.03 alone imports no knowledge in advance to litigants of what is expected in prosecuting a case in a particular trial court to avoid dismissal consequences under the provisions of sec. 804.12(2)(a) and particularly sec. 804.12(2)(a)3.[9]

The other part of sec. 805.03, Stats., deals with the failure of a party to comply with statutes governing procedure in civil actions or to obey any order of a court. Such conduct requirement is precise and ascertainable by a party and therefore subject to the sanctions of sec. 804.12(2)(a), *Trispel v. Haefer*, 89 Wis. 2d 725, 736, 279 N.W.2d 242 (1979).

Because none of the parties were aware of the dismissal by the trial court, approximately eleven months after the court's action, in June, 1979, counsel for plaintiffs filed a certificate that the case was ready for trial. In addition, during the pendency of the actions, without any in-

---

[9] Sec. 804.12(2)(a)3, Stats., provides:

"(2) FAILURE TO COMPLY WITH ORDER. (a) If a party or an officer, director, or managing agent of a party or a person designated under s. 804.05(2)(e) or 804.06(1) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under sub. (1) or s. 804.10, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

". . . .

"3. An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;"

volvement with the court, the parties held depositions and disagreed about the discovery of certain information regarding the income of plaintiff, Kathleen Neylan.

*Latham v. Casey & King Corp.*, 23 Wis. 2d 311, 127 N.W.2d 225 (1964) involved a sua sponte dismissal by the trial court upon the plaintiff's attorney's failure to appear at a noticed pretrial conference. We found an abuse of discretion by the trial court since even though counsel had notice of the pretrial, the notice contained no warning of any specific action by the court in the event counsel did not appear. We discussed the inherent power of trial courts to dismiss actions as follows:

"It is considered well established that a court has the inherent power to resort to a dismissal of an action in the interest of orderly administration of justice. The general control of the judicial business before it is essential to the court if it is to function. 'Every court has inherent power, exercisable in its sound discretion, consistent within the Constitution and statutes, to control disposition of causes on its docket with economy of time and effort.' " *Latham,* 23 Wis. 2d at 314.

That is still good law and sec. 805.03, Stats., is consistent not debilitative of such inherent power. We continued in *Latham* at 316:

"The due-process clause of the Fourteenth amendment requires at least a fair and adequate warning by court rule or notice of the imposition of the sanctions or penalties to be invoked for the failure to comply with a court order. Lacking such forewarning, a hearing should be had on the imposition of a penalty."

Section 805.03, Stats., with reference to sec. 804.12 (2) (a), forewarns of a dismissal penalty for failure to pursue the action. However, because it does not define with any degree of certainty or particularity what may be considered a failure to prosecute an action, there is no constructive notice of what must be obeyed to avoid a dismissal. Section 269.25 contained the language "if not

brought to trial" within five and then later four years and those were clearly defined forewarnings.

The judicial council committee's note to sec. 805.03, Stats., emphasizes the limited use which should be made of the extreme power to dismiss:

"This section, generally based on Federal Rule 41(b), replaces s. 269.25. Because of the harshness of the sanction, a dismissal under this section should be considered appropriate only in cases of egregious conduct by a claimant. *See Link v. Wabash R. Co.* (1962), 370 U.S. 626, 82 Sup. Ct. 1386, 8 L. Ed. 2d 734; *Latham v. Casey & King Corp.* (1964), 23 Wis. 2d 311, 127 N.W.2d 225."[10]

We find the dismissals ordered by the trial court without actual notice before entry precluded the opportunity to be heard. Therefore, they were lacking in that fundamental requisite of due process. The court of appeals has held that: "Judgments entered contrary to due process are void." *Wengerd v. Rinehart*, 114 Wis. 2d 575, 587, 338 N.W.2d 861, 868 (Ct. App. 1983), citing *United States v. McDonald*, 86 F.R.D. 204, 208 (N.D. Ill. 1980), and *DeCesare-Engler Productions, Inc. v. Mainman Ltd.*, 81 F.R.D. 703, 704 (W.D. Pa. 1979). We accept that holding and find that where no advance actual notice of dismissal which contains a clear standard or definition of what constituted "the failure to prosecute," due process is lacking and the dismissal judgments are thereby void. If there had been actual notice given of the dismissal, the plaintiffs' counsel could have proceeded under then 269.-46(1), Stats. 1973,[11] governing relief from judgments.

[10] Judicial Council Committee's Note, 1974, 67 Wis. 2d 691.

[11] Sec. 269.46(1), Stats. 1973 is now covered by sec. 806.07(1). *See supra* note 1, sec. 269.46(1) (1973) provided:

"**269.46 Relief from judgments, orders and stipulations; review of judgments and orders.** (1) The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other

This is the same "escape hatch" as in federal rule 60(b) which "renders the lack of prior notice of less consequence." *Link,* 370 U.S. at 632.

We have found the orders dismissing the actions void. The question remains whether the plaintiffs were entitled to have them vacated.

Section 806.07, Stats., governs relief from judgments. The Judicial Council Committee's Note, 1974, 67 Wis. 2d 726, states the section "is substantially equivalent to Federal Rule 60(b) and replace[d former sec.] 269.46."[12]

proceeding against him obtained through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding. In addition to the required affidavits, all motions to vacate a judgment entered upon default or cognovit and to obtain a trial upon the merits shall be accompanied by a proposed verified answer disclosing a defense."

[12] Rule 60(b) provides:

"**Rule 60. Relief from Judgment or Order.**

"**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judg-

This court stated in *West v. West,* 82 Wis. 2d 158, 165–66, 262 N.W.2d 87 (1978), that the former sec. 269.46(1) "presupposes the entry of a valid judgment . . . It has nothing whatsoever to do with the vacation of a void judgment." A void judgment may be expunged by a court at any time. In *Kohler Co. v. ILHR,* 81 Wis. 2d 11, 25, 259 N.W.2d 695 (1977), written after the adoption of present sec. 806.07, we said:

"When a court or other judicial body acts in excess of its jurisdiction, its orders or judgments are void and may be challenged at any time.

" 'A judgment or order which is void may be expunged by a court at any time. Such right to expunge a void order or judgment is not limited by statutory requirements for reopening, appealing from, or modifying orders or judgments. [Cases cited.]' *State ex rel. Wall v. Sovinski,* 234 Wis. 336, 342, 291 N.W. 344 (1940). *See also, Home Bank v. Becker,* 48 Wis. 2d 1, 7, 179 N.W.2d 855 (1970).

"The fact that the award came many years after the void order is of no consequence. In *Halbach v. Halbach,* 259 Wis. 329, 331, 48 N.W.2d 617 (1951), the void judgment was challenged ten years after entry. The court stated that laches did not apply even if the plaintiff had been dilatory or lackadaisical in his efforts to overturn the judgment. 'It is the duty of the court to annul an invalid judgment.'

"A void judgment cannot be validated by consent, ratification, waiver, or estoppel. Furthermore, void judgments may be attacked collaterally. The 1960 application was still valid." (Footnote omitted.)

Unless sec. 806.07, Stats., has changed the rule that a void judgment or order may be vacated at any time, the

ment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., sec. 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in this rule or by an independent action."

dismissal judgments in the instant case were required to be vacated. By including void judgments in sec. 806.-07(1), it is argued the intent was to subject void judgments and orders to the reasonable time requirement of sec. 806.07(2).

In *Wisconsin Public Service Corp. v. Krist,* 104 Wis. 2d 381, 385–86 n. 3, 311 N.W.2d 624, 627 (1981), in dicta we discussed but did not decide the issue of whether a motion to set aside a void judgment must be brought in a reasonable time. In *In Matter of Foreclosure of Tax Liens,* 106 Wis. 2d 244, 253, 316 N.W.2d 362 (1982), we determined a motion to vacate had been brought in a reasonable time citing sec. 806.07(1)(d), Stats., and then stated: "Motions claiming that the judgment is void are permissible if brought within 'a reasonable time.'" However, the requirement of "reasonable time" for the motion to vacate a void judgment was found to be satisfied. Whether sec. 806.07(1)(d) changed the law in Wisconsin on void judgments or orders was not an issue to be considered as such the way it is in the instant case.

In Wright and Miller, Federal Practice and Procedure, sec. 2862 (1973) it is stated:

"[T]here is no time limit on an attack on a judgment as void. The one-year limit applicable to some Rule 60(b) motions is expressly inapplicable, and even the requirement that the motion be made within a 'reasonable time,' which seems literally to apply to motions under Rule 60 (b)(4), cannot be enforced with regard to this class of motion. A void judgment cannot acquire validity because of laches on the part of the judgment debtor." (Footnotes omitted.)[13]

[13] *See generally Taft v. Donellan Jerome, Inc.,* 407 F.2d 807 (7th Cir. 1969); *Misco Leasing, Inc. v. Vaughn,* 450 F.2d 257 (10th Cir. 1971); *Bookout v. Beck,* 354 F.2d 823 (9th Cir. 1965), and cases cited in Wright and Miller, Federal Practice and Procedure, sec. 2862 at 197–201 (1973).

Similarly, in 7 J. Moore, Moore's Federal Practice, para. 60.25 (2) (2d Ed. 1983) it states:

"A void judgment is something very different than a valid judgment. The void judgment creates no binding obligation upon the parties, or their privies; it is legally ineffective. . . . The judgment may also be set aside under 60 (b) (4) within a 'reasonable time,' which, as here applied, means generally no time limit, or the enforcement of the judgment may be enjoined. The judgment may also be collaterally attacked at any time in any proceeding, state or federal, in which the effect of the judgment comes in issue, which means that if the judgment is void it should be treated as legally ineffective in the subsequent proceeding. Even the party which obtained the void judgment may collaterally attack it. And the substance of these principles are equally applicable to a void state judgment.
"A party attacking a judgment as void need show no meritorious claim or defense or other equities on his behalf; he is entitled to have the judgment treated for what it is, a legal nullity, but he must establish that the judgment is void." (Footnotes omitted.) [14]

We have stated previously that where a Wisconsin Rule of Civil Procedure is based on a Federal Rule of Civil Procedure, decisions of the federal courts, to the extent they show a pattern of construction, are considered persuasive authority. *In re Estate of Kersten,* 71 Wis. 2d

---

[14] *See generally* 7 J. Moore, Moore's Federal Practice, para. 60.25 (3) (2d Ed. 1983), which states: "By its nature a void judgment is legally ineffective. . . . The only time limitation upon the motion is one of 'reasonable time,' which as here applied means generally no time limit"; and *Id.* at para. 60.25 (4) which states: "The theory underlying the concept of a void judgment is that it is legally ineffective—a legal nullity; and may be vacated by the court which rendered it at any time." (Footnotes omitted.) *See generally United States v. Sotis,* 131 F.2d 783, 787 (7th Cir. 1942); *Cochocan v. United States,* 452 F.2d 548 (5th Cir. 1971); *Misco Leasing, Inc. v. Vaughn,* 450 F.2d 257 (10th Cir. 1971); and cases cited in 7 J. Moore, Moore's Federal Practice, para. 60.25 (2) to para. 60.25 (4) (2d Ed. 1983).

757, 763, 239 N.W.2d 86 (1976), *see also, In re Adams Machinery Inc.*, 20 Wis. 2d 607, 621, 123 N.W.2d 553 (1963),[15] and *Carlson Heating, Inc. v. Onchuck*, 104 Wis. 2d 175, 179 n. 2, 311 N.W.2d 673, 675–76 (Ct. App. 1981) (citing Clausen and Lowe, *The New Rules of Civil Procedure: Chapters 801 to 803*, 59 Marq. L. Rev. 1 (1976)).

The Judicial Council Committee's Note, 1974, 69 Wis. 2d 726, states that sec. 806.07, Stats., is substantially equivalent to Federal Rule 60(b) and replaces sec. 269.-46, Stats. (1973). There is no suggestion that the committee intended a departure from former Wisconsin law which is consistent with present federal cases construing Federal Rule 60(b).

Section 806.07(2), Stats., requiring motions to vacate orders or judgments to be brought in a "reasonable time" does not apply to void judgments.

Since these orders for and judgments of dismissal were entered sua sponte by the trial court and were entered without notice, they are void and ordered vacated.

*By the Court.*—The decision of the court of appeals is affirmed.

---

[15] "It is a settled rule in the construction of statutes that, where a statute has received a judicial construction in another state and is then adopted by Wisconsin, it is taken with the construction which has been given it. . . . The same rule is applicable where Wisconsin adopts the language of a federal statute which has been construed by the United States supreme court." (Citations omitted.) *In re Adams Machinery*, 20 Wis. 2d at 621.