Eugene J. WEBER, and Ann M. Weber, Plaintiffs-Respondents-Cross Appellants,

v.

Jerold J. WEBER, and Ruth C. Weber, Defendants-Appellants-Cross Respondents.†

Court of Appeals

*No. 90–2327. Submitted on briefs May 8, 1992.—Decided May 28, 1992.*

(Also reported in 485 N.W.2d 447.)

†Petition to review granted.

538

For the defendants-appellants-cross respondents the cause was submitted on the briefs of *Jeffery J. Drach* of Wausau.

For the plaintiffs-respondents-cross appellants the cause was submitted on the briefs of *Edward F. Zappen* of *Zappen & Meissner* of Marshfield.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

SUNDBY, J. In this appeal, we decide that if a spouse does not plead the statute of frauds as an affirmative defense in a mortgage foreclosure action, the spouse may not seek relief from the foreclosure judgment under sec. 806.07(1)(d), Stats. We also decide that the plain-

tiffs waived their right to disqualify defendants' counsel. We therefore affirm the circuit court's judgment.

## BACKGROUND

The plaintiffs, Eugene and Ann Weber, are the parents of defendant Jerold Weber. Prior to January 1, 1979, Jerold and his wife Ruth were employed on the family farm. On or about January 1, 1979, plaintiffs presented Jerold and Ruth with the checkbook for the farm and the parties agreed that the farm now belonged to them. On May 30, 1980, Jerold signed notes and mortgages effective January 1, 1979, purchasing the farm and the farm's personal property. Ruth did not sign the notes or mortgages. The notes and mortgages were drafted by a member of the defendants' attorney's former law firm.

On July 25, 1988, the plaintiffs began an action against Jerold and Ruth Weber for a judgment of foreclosure and sale of the mortgaged premises and a deficiency judgment against Jerold. The complaint stated that Ruth was joined as a party because she was the wife of Jerold and "may claim an interest in said property." Jerold and Ruth filed an answer by attorney Jeffery Drach. The answer did not plead as an affirmative defense that the notes and mortgages were not signed by Ruth.

On February 20, 1989, the circuit court entered a default summary judgment which determined Jerold's liability on the two mortgage notes, foreclosed the interests of the defendants in the real estate, ordered the sale of the mortgaged premises, subject to redemption, and granted a deficiency judgment against Jerold. The judgment was approved as to form and content by attorney Drach. The defendants did not appeal from the judgment.

On January 23, 1990, the defendants moved to amend the judgment to provide that the sale of the mortgaged premises would be subject to the homestead interest of Ruth Weber. The record does not show that the circuit court decided this motion. The plaintiffs moved to remove attorney Drach as counsel for the defendants on the ground that he was a member of the firm which drafted the mortgage notes and mortgages. On February 5, 1990, the defendants moved to vacate the judgment of foreclosure and for relief from the judgment and to enjoin the sale of the mortgaged premises pending further order of the court.

On September 4, 1990, the court denied all parties' motions. As to the defendants' motion for relief from the judgment, the circuit court held that once the court had entered judgment, it was too late for the defendants to raise the statute of frauds defense. As to the plaintiffs' motion to remove attorney Drach as counsel for the defendants, the circuit court concluded that Drach had a disqualifying conflict of interest but that the plaintiffs had waived the conflict by not objecting when they first became aware of it.

## THE ISSUES

The parties agree as to the issues. We restate the issues as follows:

(1) Did the circuit court abuse its discretion when it denied the defendants' motion under sec. 806.07, Stats., to vacate the judgment of foreclosure and sale?

(2) Did the circuit court abuse its discretion when it denied the plaintiffs' motion to disqualify defendants' counsel?

541

# I.
## DENIAL OF DEFENDANTS' MOTION TO VACATE THE JUDGMENT

The defendants argue that the trial court abused its discretion when it refused to vacate the judgment of foreclosure under sec. 806.07(1)(d), Stats., because the judgment was void. Section 806.07 provides:

> (1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:
>
> . . ..
>
> (d) The judgment is void . . ..

Section 706.02(1), Stats., commonly referred to as the statute of frauds, provides in part:

> Transactions under s. 706.01(1) shall not be valid unless evidenced by a conveyance which:
>
> . . ..
>
> (f) Is signed, or joined in by separate conveyance, by or on behalf of each spouse, if the conveyance alienates any interest of a married person in a homestead under s. 706.01(7) except conveyances between spouses, but on a purchase money mortgage pledging that property as security only the purchaser need sign the mortgage . . ..

■ The plaintiffs do not dispute that the farm was Jerold's and Ruth's homestead and that Ruth had an interest therein. The mortgages were subject to ch. 706, Stats., sec. 706.01(1) and (4), Stats. "A conveyance that does not satisfy the statute [of frauds] is void and cannot be enforced against either spouse." *Schapiro v. Security Savings & Loan,* 149 Wis. 2d 176, 181, 441 N.W.2d 241, 244 (Ct. App. 1989). The circuit court held, however,

that Jerold and Ruth waived the statute of fraud's defense by not pleading it as an affirmative defense. We agree.

Section 802.02(3), Stats., provides in part:

> In pleading to a preceding pleading, a party shall set forth affirmatively any matter constituting an avoidance or affirmative defense including but not limited to the following: . . . statute of frauds . . ..

Section 802.02, Stats., was included in the Wisconsin Rules of Civil Procedure adopted by a Wisconsin Supreme Court order effective January 1, 1976. 67 Wis. 2d 616–618. Section 802.02(3), Stats., is taken from Rule 8(c), Federal Rules of Civil Procedure. Because there is no controlling decision of a Wisconsin appellate court deciding the effect of a defendant's failure to plead the statute of frauds as an affirmative defense, we look to decisions of the federal courts construing Fed. R. Civ. P. 8(c). *See* Charles D. Clausen and David P. Lowe, *The New Wisconsin Rules of Civil Procedure: Chapters 801–803,* 59 Marq. L. Rev. 1, 4 (1976); *Neylan v. Vorwald,* 124 Wis. 2d 85, 99–100, 368 N.W.2d 648, 656 (1985). The federal courts uniformly hold that the statute of frauds may not be raised as an affirmative defense subsequent to trial. *Pantzer v. Shields Dev. Co.,* 660 F. Supp. 56, 60–61 (D. Del. 1986); *TCP Indus., Inc. v. Uniroyal, Inc.,* 661 F.2d 542, 547 (6th Cir. 1981). Federal R. Civ. P. 8(c) requires that a defense such as the statute of frauds be pleaded affirmatively to give fair notice to the plaintiff and trial court. *United McGill Corp. v. Gerngross Corp.,* 689 F.2d 52, 54 (3d Cir. 1982).

The defendants rely on *National Steel Serv. Ctr., Inc. v. Wollin Silos & Equip., Inc.,* 92 Wis. 2d 133, 139, 284 N.W.2d 606, 610 (1979), where the court held that under the pleading rule which was applicable to that

case, a party to a lawsuit was not required to specifically plead the statute of frauds in order to raise the defense at trial. However, that case did not deal with the situation present here, where the defendants attempt to raise the statute of frauds as a defense after trial. Further, the court was careful to note that it was applying a pleading rule which was in effect prior to adoption of the rules of civil procedure effective January 1, 1976.

As noted, a conveyance of homestead property which is not signed by or on behalf of each spouse is void. However, the defense that a spouse did not sign the conveyance by which the spouse's homestead interest was conveyed is personal and may be waived. We have held that even due process objections can be waived. *Wengerd v. Rinehart,* 114 Wis. 2d 575, 587, 338 N.W.2d 861, 868 (Ct. App. 1983).

We recognize that " '[a] void judgment cannot be validated by consent, ratification, waiver, or estoppel.' " *Neylan,* 124 Wis. 2d at 97, 368 N.W.2d at 655 (quoting *Kohler Co. v. DILHR,* 81 Wis. 2d 11, 25, 259 N.W.2d 695, 701 (1977)). However, the judgment herein is not void because the defendants waived the statute of frauds defense. Therefore, the circuit court did not abuse its discretion in denying the defendants' motion to vacate the judgment under sec. 806.07(1)(d), Stats.

## II.
## DISQUALIFICATION OF DEFENDANTS' COUNSEL

The circuit court concluded that, in accordance with the tests set forth in *Berg v. Marine Trust Co.,* 141 Wis. 2d 878, 416 N.W.2d 643 (Ct. App. 1987), attorney Drach

should be disqualified. However, the circuit court found that the plaintiffs had waived their right to object to Drach's representation of the defendants. In the unique circumstances of this case, we conclude that the trial court was correct. It was only after the defendants sought relief from the judgment that the plaintiffs sought to remove Drach as defendants' counsel. Plaintiffs' motion was not timely.

*By the Court.*—Judgment affirmed.