Frank M. KETT, Plaintiff-Appellant,

v.

COMMUNITY CREDIT PLAN, INC., Defendant-Respondent.
[Case No. 97–3620]†

Kenneth P. MADER, Plaintiff-Appellant,

v.

COMMUNITY CREDIT PLAN, INC., Defendant-Respondent.
[Case No. 97–3626]†

Marcia K. JOHNSON and Hulda M. Johnson, Plaintiffs-Appellants,

v.

COMMUNITY CREDIT PLAN, INC., Defendant-Respondent.
[Case No. 98–0092]†

Court of Appeals

*Nos. 97–3620, 97–3626, 98–0092. Submitted on briefs August 24, 1998.—Decided September 23, 1998.*

(Also reported in 586 N.W.2d 68.)

†Petition to review granted.

117

118

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Gerald R. Harmon* of *Harmon Law Office* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Arthur M. Moglowsky* of *Bass & Moglowsky, S.C.* of Milwaukee.

On behalf of the *Center for Public Representation, Inc.*, there was an amicus curiae brief filed by *Stephen E. Meili* of Madison.

Before Brown, Nettesheim and Anderson, JJ.

BROWN, J. These consolidated cases concern a car loan credit company's repossessions of three different customers' cars. The customers brought suit claiming violations under the Wisconsin Consumer Act (WCA) for wrongful repossession of their autos and prohibited debt collection practices. The basis for these causes of action was the alleged commercial practice of the loan company creditor to commence replevin actions in a county where venue does not lie. The two trial courts handling these three cases granted summary judgment to the creditor on the wrongful repossession claim finding that each customer waived his or her claim by not appearing at the replevin hearing and objecting to venue. While one trial court left the claim of prohibited debt collection practices for the trier of fact, the other used waiver to dismiss the prohibited debt collection practices claim as well. We reverse both trial courts. The WCA plainly treats venue as a jurisdictional issue. Therefore, the failure to have proper venue means the judgment is void. Void judgments can always be challenged. Moreover, there is no need for a trial in any of the three instances. As a matter of law, the creditor violated the WCA and must suffer the consequences of its wrongful repossession and prohibited debt collection practices.

The cases underlying this appeal involve the repossession of secured collateral from three different customers by Community Credit Plan, Inc. (Community Credit). The customers are Frank M. Kett, Marcia K. and Hulda M. Johnson and Kenneth P. Mader. In each case, the customer financed the purchase of an automobile through Community Credit. These finance agreements were made in Waukesha and Walworth

121

counties, with the purchased vehicles as security for the loans. After alleged defaults in all three cases, Community Credit commenced replevin actions in Milwaukee county against the customers. *See* § 425.205, STATS. (Action to recover collateral). In each case, the pleading was served on the customer at his or her residence in Waukesha and Walworth counties. None of the customers appeared in Milwaukee County Circuit Court Small Claims Division to defend, and the circuit courts in Milwaukee county entered default judgments against them. Community Credit subsequently repossessed the cars from the customers in Waukesha and Walworth counties.

The customers subsequently brought motions in the Milwaukee courts to vacate the default judgments due to improper venue. Community Credit responded by moving to dismiss the actions without prejudice. The courts granted both motions.[1]

Several months later, the customers commenced actions in Waukesha and Walworth counties against Community Credit. The customers alleged that Community Credit had violated the WCA by wrongfully repossessing collateral and using prohibited debt collection practices. *See* §§ 425.206(1), 427.104(1), STATS. Community Credit counterclaimed seeking deficiency judgments for the amounts still owed on the repossessed vehicles after sale. *See* § 425.210, STATS. The Waukesha County Circuit Court granted summary judgment to Community Credit on the customers' claims and ordered trial on Community Credit's defi-

---

[1] The customers sought to recover attorney's fees and expenses as prevailing parties under the fee-shifting provision of the WCA. The trial court denied the request, but was reversed on appeal. *See Community Credit Plan, Inc. v. Johnson*, 221 Wis. 2d 766, 586 N.W.2d 77 (Ct. App. 1998).

ciency judgment claim. The Walworth County Circuit Court granted Community Credit summary judgment on the wrongful repossession claim and ordered trial on the prohibited practices claim and the deficiency judgment counterclaim. The customers each petitioned this court for leave to appeal, which was granted in each case, along with an order consolidating the three cases on appeal.

The customers' claims are based on violations of the venue provision in the WCA, § 421.401, STATS.[2] The customers' arguments can be summarized as follows. It is undisputed that none of the customers was served in Milwaukee county, none of the credit agreements was signed in Milwaukee county and none of the collateral was seized in Milwaukee county. Venue was thus improper under § 421.401, and the replevin actions should have been dismissed for lack of jurisdiction. *See* § 421.401(2)(b). Because the court lacked jurisdiction

---

[2] Section 421.401, STATS., reads:

**Venue.** (1) The venue for a claim arising out of a consumer transaction or a consumer credit transaction is the county:

 (a) Where the customer resides or is personally served;

 (b) Where collateral securing a consumer credit transaction is located; or

 (c) Where the customer sought or acquired the property, services, money or credit which is the subject of the transaction or signed the document evidencing his or her obligation under the terms of the transaction.

 (2) When it appears from the return of service of the summons or otherwise that the county in which the action is pending under sub. (1) is not a proper place of trial for such action, unless the defendant appears and waives the improper venue, the court shall act as follows:

 (a) Except as provided in par. (b), if it appears that another county would be a proper place of trial, the court shall transfer the action to that county.

 (b) If the action arises out of a consumer credit transaction, the court shall dismiss the action for lack of jurisdiction.

to render the default replevin judgments, the customers argue, such judgments were void, and the subsequent repossessions were nonjudicial enforcements in violation of § 425.206, STATS. Furthermore, Community Credit knew or had reason to know that venue was improper in Milwaukee county. Filing the replevin actions in that county thus violated § 427.104(1)(h) and (j), STATS., since the filing could reasonably be expected to harass or threaten the customer and was an attempt or threat to enforce a right with knowledge or reason to know the right does not exist. We will address each of the customers' claims and Community Credit's responses in turn.

First, the customers contend that the default replevin judgments were void due to improper venue and that this renders Community Credit's subsequent repossessions wrongful under the statute.

■

Community Credit first responds that venue may have been proper as the cars may have been in Milwaukee county. *See* § 421.401(1)(b), STATS. (fixing the location of collateral as one ground for venue). Community Credit asserts in its brief that "[h]ad appellants been served with the respective summonses in Milwaukee County, or if their automobiles were located in Milwaukee County . . . or had they appeared . . . and waived venue, Milwaukee County would have been a proper place of trial." It is difficult to see Community Credit's point in the above statement, as none of the premises jibe with the facts of this case. This line of argument would render the venue statute meaningless.[3] Here, it is undisputed that in each of these cases

---

[3] Indeed, this type of reasoning would render most, if not all, statutes meaningless. For example, one on trial for sexual assault of a minor could argue that had the victim been over the

the collateral was seized from either Walworth or Waukesha county, the customer lived in either Walworth or Waukesha county and the consumer credit transaction took place in either Walworth or Waukesha county. There is no escaping the impropriety of venue in Milwaukee county under the statute.

■ Community Credit's next contention is that if there was an error in venue, it was not its fault for bringing the action in the wrong county, but rather the fault of the court and the court commissioner for not dismissing the action. Community Credit asserts that it "had the right to commence the replevin actions in Milwaukee County, subject to the risk that, upon return of the summons, the judicial court commissioner would determine that Milwaukee County is not the proper place for trial." Community Credit seems to be saying that filing a replevin action in a county where venue does not lie is permissible as long as one does not get caught. As part of this argument, Community Credit states that "[t]he venue statute governing consumer credit transactions is clearly not designed to assure customers . . . that legal actions must be venued in the county where the customer resides or, for that matter, a convenient county." This statement, at best, demonstrates a complete and utter misunderstanding of the purpose behind the WCA. At worst, it is a brazen misrepresentation of well-established Wisconsin law.

The purpose behind the WCA is to "protect customers against unfair, deceptive, false, misleading and

age of consent, it would not be sexual assault. Or one accused of possessing more than a proscribed amount of a controlled substance could argue that had he or she possessed less, there would not be a violation of the law. Needless to say, we are not persuaded by this line of argument.

unconscionable practices. by merchants." Section 421.102(2)(b), STATS. The disparate treatment of consumer credit transactions and consumer transactions under the venue statute demonstrates that one of the practices the WCA is meant to prevent is filing an action in a county unrelated to the transaction. If the transaction is a consumer transaction, meaning one that involves a customer, the remedy is to transfer the action to the proper place of trial. *See* §§ 421.301(13), 421.401(2)(a), STATS. If, on the other hand, the transaction is a consumer credit transaction, meaning one that also involves a merchant and the extension of credit, the remedy is dismissal for lack of jurisdiction. *See* §§ 421.301(10), 421.401(2)(b). The legislature granted special protection to those buying on credit against having to defend in distant fora.

This legislative intent is further borne out by the corresponding federal statute. *See* 15 U.S.C.A. § 1692i (West 1998).[4] Community Credit urges us to read significance into the differences between the federal statute and the venue provision of the WCA, namely that the federal statute specifically puts the onus on

---

[4] The federal venue statute reads in part:

**(a) Venue**

Any debt collector who brings any legal action on a debt against any consumer shall—

 (1) in the case of an action to enforce an interest in real property . . . or

 (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—

 (A) in which such consumer signed the contract sued upon; or

 (B) in which such consumer resides at the commencement of the action.

15 U.S.C.A. § 1692i (West 1998).

the creditor to file in the correct county while the wording of the WCA is that the court shall dismiss. However, we are more persuaded by the state legislature's mandate that the WCA be "liberally construed . . . [t]o coordinate the regulation of consumer credit transactions with the policies of the federal consumer credit protection act." Section 421.102(1), (2)(d), STATS. And one of the policies of the federal consumer credit protection act is to prevent consumers from having to travel to distant fora to defend. *See Blakemore v. Pekay*, 895 F. Supp. 972, 978–79 (N.D. Ill. 1995) ("The venue provision of the FDCPA was designed to limit the ability of debt collectors to file debt collection actions in courts inconvenient to the debtor."). Contrary to Community Credit's assertion, the act *is* meant to prevent creditors from dragging customers to defend in distant locales or risk default judgment and subsequent repossession.

Community Credit's next defense to the customers' claims is that even if venue was improper, the default judgments were not void, but rather voidable. Community Credit contends that so long as the courts had taken no action to void the replevin judgments, the judgments were still valid when Community Credit repossessed the cars. Therefore, Community Credit argues, it did not engage in self-help repossession prohibited by the act. *See* § 425.206(1)(b), STATS.

Community Credit is correct that the determination of whether the judgments were void or voidable is critical in this case. A void judgment is a mere nullity, and any proceedings founded upon it are equally worthless. *See Fischbeck v. Mielenz*, 162 Wis. 12, 17, 154 N.W. 701, 703 (1916); *Neylan v. Vorwald*, 124 Wis. 2d 85, 99, 368 N.W.2d 648, 656 (1985). A void judgment

cannot create a right or obligation, as it is not binding on anyone. *See Fischbeck*, 162 Wis. at 17, 154 N.W. at 703. A voidable judgment, on the other hand, has the same effect and force as a valid judgment until it has been set aside. *See Slabosheske v. Chikowske*, 273 Wis. 144, 150, 77 N.W.2d 497, 501 (1956). Thus, a voidable judgment protects actions taken under it before it is reversed. *See id.* Here, if the default judgments were voidable, then they were valid judgments until vacated. If so, Community Credit's repossessions were based on valid judgments and were not wrongful. However, if the default judgments were void, they had no legal effect. If void, they were not valid judgments. Thus, they did not authorize Community Credit's repossessions of the cars.

In deciding this issue, we initially note that when the facts are not in dispute, whether a judgment is void for lack of jurisdiction is a question of law subject to de novo review. *See State ex rel. R.G. v. W.M.B.*, 159 Wis. 2d 662, 666, 465 N.W.2d 221, 223 (Ct. App. 1990). A judgment entered in excess of the court's jurisdiction is void. *See Neylan*, 124 Wis. 2d at 97, 368 N.W.2d at 655.[5] The party claiming that the court was without

---

[5] We distinguish this situation from that in *Mueller v. Brunn*, 105 Wis. 2d 171, 313 N.W.2d 790 (1982). There, the court of appeals had ruled that a circuit court lacked subject matter jurisdiction due to improper venue. The supreme court reversed, noting that venue statutes are ordinarily not construed as making judgments void, as defects in venue are not jurisdictional. *See id.* at 178, 313 N.W.2d at 793. That statute set venue for actions for an injury to real property in the county where the property was located. *See id.* at 174, 313 N.W.2d at 791. The statute stated that such actions "can be commenced only in the county in which the property . . . is situated." *Id.*

jurisdiction to render the judgment has the burden of proving lack of jurisdiction. *See R.G.*, 159 Wis. 2d at 668, 465 N.W.2d at 224.

We begin our analysis with the acknowledgment that, generally, a defect in venue is not jurisdictional and does not affect the validity of a judgment. *See* § 801.50(1), STATS.; *Mueller v. Brunn*, 105 Wis. 2d 171, 178, 313 N.W.2d 790, 793 (1982). However, we are convinced that here the legislature has made an exception to that rule, which is as follows: when the action arises out of a consumer credit transaction, a defect in venue deprives the court of authority to act and thus renders any judgment void for lack of jurisdiction. This is the plain meaning of § 421.401(2)(b), STATS. This statute is specific and thus takes precedence over the general statute, § 801.50(1). *See City of Milwaukee v. Kilgore*, 193 Wis. 2d 168, 185, 532 N.W.2d 690, 696 (1995). We say that § 421.401(2)(b) is plain because of its very wording: "[i]f the action arises out of a consumer credit transaction, the court *shall* dismiss the action for *lack of jurisdiction.*" (Emphasis added.) Even when the trial court fails to dismiss the case, the judgment is void.

Here, the Milwaukee small claims court had no jurisdiction to grant Community Credit a default judgment against the customers. Because none of the conditions for venue set out in the statute was met, venue was improper. The statute clearly directs the court to dismiss an action *for lack of jurisdiction* if it is filed in a county that is not the proper place of trial. Since the Milwaukee small claims court did not have jurisdiction over the replevin actions, the default

(quoting § 801.51, STATS., 1981–82). It did not direct the court to dismiss the action for *lack of jurisdiction*. The statute here specifically does.

129

judgments were void. As a result, Community Credit repossessed the collateral without a valid judgment, contrary to § 425.206, STATS.

Community Credit also argues that issue preclusion bars the customers from attacking the judgments because their validity was litigated previously. At the replevin proceedings, the customers moved to vacate the judgments due to improper venue and to dismiss the action for lack of jurisdiction. Community Credit moved for voluntary dismissal without prejudice. The court granted the motion to vacate and the voluntary dismissal. According to Community Credit, this means that the court denied the customers' motion to dismiss for lack of jurisdiction, thus deciding that jurisdiction did indeed lie. Issue preclusion, Community Credit argues, forecloses the customers from now arguing that the judgments are void because they attempted to establish this below and failed.

First, we do not agree with Community Credit's reading of the order vacating the judgments. The court granted the customers' motion to vacate for improper venue. It did not expressly grant nor deny the motion to dismiss due to lack of jurisdiction. Although we would read the vacation for improper venue to imply a lack of jurisdiction, we need not decide this as the issue preclusion argument is without merit regardless of the trial court's jurisdictional decision. We have already held that the judgments were void. And a void judgment can be attacked at anytime. *See Neylan*, 124 Wis. 2d at 97, 368 N.W.2d at 655.

■

Next, Community Credit asserts that it is not liable for wrongful repossession under § 425.206, STATS., because its employee was not aware that Milwaukee county was an improper venue. According to Commu-

nity Credit, the customers are not entitled to the statutory remedy because the filing was "not intentional and resulted from a bona fide error." Section 425.301(3), STATS. Community Credit cannot hide behind this defense as its alleged mistake was an error of law, not a bona fide error. *See First Wis. Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 532, 335 N.W.2d 390, 394 (1983). To allow creditors to avoid liability stemming from violations caused by an error of law would hinder compliance with the WCA. *See id.* at 534, 335 N.W.2d at 395. Because the creditor is in a better position to know the law regarding consumer credit transactions, he or she should bear the burden to avoid mistakes of law. *See id.* Furthermore, to require consumers to prove intent on the part of creditors would deter consumer enforcement of the WCA. *See id.* at 534, 335 N.W.2d at 395. Thus, the customers in this case are entitled to the remedy provided by § 425.305, STATS. *See* §§ 425.206(3) (establishing that a violation of nonjudicial enforcement limitation is subject to § 425.305), 425.305, STATS. (awarding to the customer the goods received in the transaction and any sums paid to the merchant pursuant to the transaction).

Finally, Community Credit contends that the customers waived their claim by not appearing in small claims court to object to venue. This is the position that both trial courts were persuaded to accept.

A court cannot gain subject matter jurisdiction through waiver. *See Wisconsin's Envtl. Decade, Inc. v. Public Serv. Comm'n*, 84 Wis. 2d 504, 515, 267 N.W.2d 609, 616 (1978). When judgments are void due to lack of jurisdiction, they can be attacked collaterally at any time. *See Neylan*, 124 Wis. 2d at 97, 368 N.W.2d at 655.

■ Here, the Milwaukee court lacked jurisdiction over the actions. This jurisdictional defect cannot be waived. Furthermore, to dismiss these claims on waiver grounds runs contrary to the purpose of the venue statute. It is meant to protect consumers from having to travel to distant fora to defend. To hold that failure to appear to object to venue constitutes waiver would defeat this goal.

It could possibly be argued that our determination effectively allows a debtor to come into court long after collateral, such as a car, has been repossessed and gain monetarily through the auspices of the WCA, in effect, reaping a windfall by not paying bills and letting judgment and repossession proceed. Such an argument, however, assumes that the debtor is sophisticated enough about how the WCA works such that the debtor could intentionally employ a Machievellian plan to gain through sloth. But that is not reality. Reality is that credit lenders stand in a superior bargaining position to debtors who must attempt to pay their bills each month. It is the credit lenders who know the law. It is rare that a debtor does. The WCA is about providing help to the debtors who are unsophisticated and who often lack the resources to go to distant fora to appear at court hearings. The WCA reflects a policy choice by the legislature and we are convinced that the policy choice is the one we have expressed. Besides, all a credit lender need do to protect itself from abuse is to file in the proper county.

We now turn to the customers' debt collection claims. The customers allege that Community Credit knew or should have known that venue did not lie in Milwaukee county. Thus, the customers argue, Community Credit engaged in a prohibited debt collection

practice under the WCA. The customers claim that such filing could "reasonably [have been] expected to threaten or harass the customer." Section 427.104(1)(h), STATS. Additionally, the customers assert that by filing in Milwaukee county, Community Credit "[c]laim[ed], or attempt[ed] or threaten[ed] to enforce a right with knowledge or reason to know that the right does not exist." Section 427.104(1)(j).

Community Credit's first response on this issue is that it was not attempting to collect a debt when it repossessed the collateral, and thus is not a "debt collector" governed by § 427.104, STATS. (listing prohibited practices in debt collection). Rather, Community Credit was enforcing its security interest in collateral. Because Community Credit was not attempting to collect an "obligation arising from a consumer transaction," § 427.103(1), STATS. (defining "claim," "debt collection" and "debt collector"), the debt collection prohibitions do not apply to it.

We are not persuaded by Community Credit's argument. Section 427.102, STATS., defines the scope of ch. 427, STATS. It "applies to conduct and practices in connection with the collection of obligations arising from consumer transactions." Section 427.102. There is no dispute that the underlying loan agreements were consumer transactions. It was the alleged default on the loan agreements that gave rise to the replevin actions. Furthermore, the replevin actions were the first step to deficiency judgments against the consumers. These deficiency judgments would also be "obligations arising from consumer transactions." Furthermore, the words "in connection with" in § 427.102 give this chapter a broad sweep. The entire WCA, which includes chs. 421 through 427, *see* § 421.101,

STATS., is to be "liberally construed and applied to promote [the] underlying purposes and policies," some of which are to "protect customers against unfair . . . practices" and to "encourage . . . fair . . . consumer practices." Section 421.102(1), (2)(b), (2)(c). To allow Community Credit to escape the prohibitions of ch. 427 by characterizing the proceedings as in rem rather than in personam would not only raise form over substance but would also do violence to the spirit of the act. Section 427.104, STATS., does apply to a creditor commencing an action to repossess secured collateral.

Community Credit next asserts that whether it has engaged in any of the prohibited collection practices is a question of fact for the trier of fact. It relies on affidavits of the employee who represented Community Credit in the replevin actions to show that Community Credit did not know that Milwaukee county was not the proper place for trial. Since the customers do not dispute the employee's credibility, Community Credit maintains that the customers' debt collection claims fail as a matter of law.

We agree that whether Community Credit's actions could reasonably have been expected to threaten or harass is a question of fact. However, we need not remand for trial on this claim because we decide as a matter of law that Community Credit engaged in prohibited debt collection practices.

The application of a statute to a given set of facts is a matter of law which we review de novo. *See Riley v. Doe*, 152 Wis. 2d 766, 769, 449 N.W.2d 83, 84 (Ct. App. 1989). Applying § 427.104(1)(j), STATS., to the facts of this case, we conclude that Community Credit's actions were an attempt to "enforce a right with . . . reason to know that the right does not exist." Even assuming it is true that Community Credit's employee did not know

that venue would not lie in Milwaukee county, Community Credit still engaged in prohibited debt collection practices. As we stated above, intent on the part of the creditor is not required under the WCA. *See Nicolaou*, 113 Wis. 2d at 534–35, 335 N.W.2d at 395. Community Credit had a duty to know that Milwaukee county was not the proper place of trial. As the creditor, it is in a much better position than the customer to investigate matters such as appropriate venue. *See id.* at 534, 335 N.W.2d at 395. For this reason, the legislature chose that it should bear the risk of error. Under the WCA, the creditor has the duty to avoid mistakes of law. *See id.* Consumer credit transactions are Community Credit's bread and butter. If it is not intimately familiar with the WCA, it should be. To allow Community Credit to hide behind the errors of an employee would encourage exactly the type of behavior the WCA was meant to prevent. Because the venue statute makes it clear that Milwaukee county was not the proper place of trial, Community Credit's filing of a replevin action in that county was an attempt to enforce a right it had reason to know did not exist. *See* § 427.104(1)(j).

We grant summary judgment to the customers on both their wrongful repossession and prohibited debt collection practices claims. We remand to both trial courts for determination of appropriate damages under §§ 425.305 and 427.105, STATS., and reasonable attorney's fees under § 425.308, STATS.

*By the Court.*—Orders reversed and cause remanded.